855 P.2d 65

STATE of Idaho, Plaintiff–Respondent,

v.

**Michael Ford WESTMORELAND, Defendant–Appellant.**

**Nos. 20011, 20022.**

Court of Appeals of Idaho.

June 22, 1993.

Douglas R. Whipple, Cassia County Public Defender, Kerry D. McMurray, Deputy, for appellant.

Larry EchoHawk, Atty. Gen., Douglas A. Werth, Deputy Atty. Gen., for respondent.

PER CURIAM.

In two separate cases Michael Westmoreland pled guilty to a total of five counts of grand theft. He was given concurrent ten-year sentences on all five counts, with a two-year minimum period of confinement. Westmoreland raises two issues on appeal. First, he contends that the court abused its discretion by imposing excessive sentences. Second, he contends he was denied effective assistance of counsel during the sentencing hearing. We affirm.

With respect to the first issue, we are required to determine whether the district court abused its sentencing discretion by imposing unduly harsh sentences. Westmoreland's sentences are within the statutory maximum of 14 years for the felonies to which he pleaded guilty. I.C. § 18–2408(2). Because the sentences are not illegal, the appellant bears the burden to show that they are unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). In *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982), we noted that

> [A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case.

The reasonableness of a sentence is determined by focusing on the probable length of confinement which, for sentences imposed under the Unified Sentencing Act, I.C. § 19–2513, is the minimum period of incarceration imposed by the sentencing judge. *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). That minimum period in this case is two years. In examining the reasonableness of a sentence, we conduct an independent review of the record, focusing on the nature of the offense and the character of the offender.

*State v. Young,* 119 Idaho 510, 808 P.2d 429 (Ct.App.1991).

Westmoreland was initially charged with 15 counts of violation of I.C. §§ 18–2403(1) and 18–2407(1)(b) by cutting and taking copper wire from irrigation pumps on a number of farms in Cassia County. In a separate subsequent Information he was charged with three counts of violating the same statutes by stealing from two businesses various items of personal property including power shears, a cash box, a computer, a Honda generator, and numerous propane heaters. As a result of plea negotiations, Westmoreland pleaded guilty to three counts of grand theft alleged in the first Information and two counts alleged in the second Information, and the remaining charges were dismissed.

At the time of sentencing Westmoreland was 26 years old. His prior record included probation as a juvenile for stealing guns in 1982, a withheld judgment on a grand theft charge in 1984 for which he had successfully completed probation, conviction of 15 counts of petit theft in 1985, a battery conviction in 1988, and various misdemeanor convictions and traffic infractions.

Westmoreland contends that his sentences were unjust because his co-defendants who participated in the same crimes received "lesser" sentences of a maximum of 10 years and a minimum of three years, with the court retaining jurisdiction for 180 days pursuant to I.C. § 19–2601(4). Westmoreland contends that the court should have likewise retained jurisdiction in his case. In differentiating between the sentences pronounced for Westmoreland and those for his co-defendants, the court pointed out that Westmoreland had a prior felony record while his co-defendants did not. It is appropriate for the court to take into account the defendant's criminal record in imposing sentence. *See* I.C. § 19–2521(2)(g). The record of the sentencing hearing reflects that the district court properly considered the objectives of sentencing set forth in *Toohill* as well as the nature of the offenses and the character of the defendant. The sentences imposed were reasonable, and the district court did not abuse its discretion.

We next consider Westmoreland's argument that the sentences should be vacated and the matter remanded to the district court because he was denied effective assistance of counsel at the sentencing hearing. Westmoreland predicates this claim solely on the contention that his counsel provided him a copy of the pre-sentence investigation report less than one hour prior to hearing and that Westmoreland thus had inadequate time to review the report and communicate with counsel in preparation for the sentencing hearing.

The right of a criminal defendant to assistance of counsel is afforded by both the Sixth Amendment to the United States Constitution, as applied to the states by the 14th Amendment's due process clause, and by Article 1, § 13 of the Idaho Constitution. To prevail on a claim of ineffective assistance, the defendant bears the burden of proving both that his attorney's performance was deficient and that he was prejudiced by the deficiency. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Aragon v. State,* 114 Idaho 758, 760 P.2d 1174 (1988). To establish the attorney's deficiency the defendant must identify acts or omissions of counsel that were not the result of reasonable professional judgment, *Strickland,* 466 U.S. at 695, 104 S.Ct. at 2068; to establish prejudice, the defendant must show a reasonable probability that, but for counsel's deficiencies, the result of the proceeding would have been different. *Id.* at 698, 104 S.Ct. at 2070.

Even if we assume that Westmoreland's counsel failed to comply with reasonable professional standards by providing a copy of the pre-sentence report and consulting with Westmoreland for less than an hour in advance of the sentencing hearing, Westmoreland has demonstrated no resulting prejudice. Westmoreland has pointed out no errors in the pre-sentence report that would have been brought to the court's attention if more time for review had been afforded. In fact, we note that defense counsel did advise the court of certain inac-

curacies in the report and that Westmoreland declined an offer by the court to give him more time to review the report with his attorney before proceeding with the sentencing hearing. Westmoreland has also failed to identify any other way in which the alleged inadequate preparation adversely affected counsel's presentation at the sentencing hearing. Mere assertions or speculation, unsupported by specific facts, are insufficient to prove ineffective assistance by counsel. *Aragon v. State, supra,* 114 Idaho at 764, 760 P.2d at 1180. We are not persuaded that Westmoreland has established he was deprived of the effective assistance of counsel.

Accordingly, the judgments of conviction and sentences are affirmed.