960 P.2d 196

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Esequiel ACEVEDO, Defendant–Appellant.**

**No. 23800.**

Court of Appeals of Idaho.

June 25, 1998.

Review Denied Aug. 21, 1998.

Pena Law Offices, Rupert, for appellant. Raymundo G. Pena argued.

Alan G. Lance, Attorney General; Kimberly A. Coster, Deputy Attorney General, Boise, for respondent. Kimberly A. Coster argued.

SCHWARTZMAN, Judge.

Esequiel Acevedo pled guilty to one count of sexual abuse of a child under sixteen years of age, Idaho Code § 18–1506. Prior to sentencing, Acevedo moved to withdraw his guilty plea. The court denied Acevedo's motion and sentenced him to serve a unified six-year term, with two years fixed. Acevedo appealed. For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL BACKGROUND

On April 9, 1996, a criminal information was filed charging Esequiel Acevedo with one count of sexual abuse of a child under sixteen years of age. Acevedo pled not guilty and subsequently entered into plea negotiations with the prosecutor; however, he failed to reach an agreement. On September 3, the morning scheduled for trial, Acevedo asked defense counsel if he could reconsider the state's earlier plea offer. When counsel informed the court of Acevedo's desire to engage in further plea negotiations, the court excused the jury panel and provided Acevedo with time to negotiate a plea agreement. Over one and one-half hours later, Acevedo returned to the courtroom and informed the court that pursuant to a written plea agreement,[1] he was prepared to enter an *Alford* plea.[2] Acevedo was placed under oath and the court engaged him in an extensive plea colloquy.

The court specifically inquired whether Acevedo truly wished to enter a plea rather than proceed to trial. With respect to entering a guilty plea, Acevedo responded: "Sir, based on the circumstances, I feel strongly that it is my desire to go this route [plea agreement]. I do not wish to put anyone through any more trauma and nobody [sic] on the stand. Yes, I wish to go this route."

---

1. In exchange for Acevedo's plea of guilty, the prosecutor agreed to recommend that Acevedo receive a unified five-year sentence, with one and one-half years fixed, credit for time served, and supervised probation. The agreement was signed by Acevedo, his counsel and the prosecutor, with the acknowledgment that he had discussed it fully with his attorney and understood all its terms.

2. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

Thereafter, the court entered into a lengthy discussion with Acevedo, clarifying some of his written answers to questions on the "acknowledgment of disclosure of constitutional rights" form.[3] The court meticulously confirmed that Acevedo understood the rights he would be waiving by pleading guilty, and that despite his claim of factual innocence, the court would treat him as if he were guilty. After determining that his plea was entered knowingly, intelligently and voluntarily, the court accepted Acevedo's plea.

On October 11, Acevedo's attorney filed a motion to withdraw as counsel and a motion, on Acevedo's behalf, to withdraw his guilty plea. The district court granted counsel's motion to withdraw from representation and ordered the appointment of new counsel to represent Acevedo in subsequent proceedings. On February 19, 1997, the court held an evidentiary hearing on Acevedo's motion to withdraw his plea of guilty. After considering Acevedo's testimony and testimony from his former attorney, as well as the investigating officer, the court denied the motion. On March 20, 1997, the court imposed a unified six-year sentence, with two years fixed, and Acevedo filed this appeal.

## II. ANALYSIS

Acevedo claims that because his plea was the product of confusion and coercion by counsel, and because of his inability to understand the consequences of entering a guilty plea, his plea was not voluntarily, knowingly and intelligently made. To be valid, a guilty plea must be entered in a voluntary, knowing, and intelligent manner. *State v. Rose,* 122 Idaho 555, 558, 835 P.2d 1366, 1369 (Ct.App.1992).

Whether a plea is voluntary and understood entails inquiry into three areas: (1) whether the defendant's plea was voluntary in the sense that he understood the nature of the charges and was not coerced; (2) whether the defendant knowingly and intelligently waived his rights to a jury trial, to confront his accusers, and to refrain from incriminating himself; and (3) whether the defendant understood the consequences of pleading guilty.

*State v. Colyer,* 98 Idaho 32, 34, 557 P.2d 626, 628 (1976). The validity of a guilty plea is determined by a review of the record as a whole. *Id.*

At Acevedo's request, his counsel informed the district court on the morning scheduled for trial that his client wished to engage in plea negotiations with the prosecutor. The court excused the jury panel and after approximately one hour and forty-five minutes, Acevedo and the prosecutor returned with a written and signed plea agreement. Acevedo was placed under oath and the court engaged him in an extensive colloquy. The prosecutor fully outlined the evidence that would be presented if Acevedo opted to proceed to trial, while the court meticulously informed Acevedo of the rights he would be waiving by entering a guilty plea and the consequences thereof. The court inquired whether Acevedo had any problems understanding the discussions with his attorneys, to which Acevedo responded that if there were any problems, they were discussed until he understood. The court clarified: "If you had a problem understanding something, you asked a question about it, and then they [Acevedo's attorneys] would respond and answer your question?" Acevedo responded: "Correct." The court's plea colloquy with Acevedo comprises twenty typed pages of the court reporter's transcript wherein the court addresses the voluntariness of Acevedo's plea, his understanding of the nature of the charges against him, the consequences of pleading guilty rather than proceeding to trial, and the constitutional rights Acevedo would be waiving by entering a guilty plea.

The district court concluded that Acevedo's plea was knowingly, intelligently and voluntarily entered. Nevertheless, Acevedo argues that the district court abused its discretion in denying his motion to withdraw the plea because it was supported by just reason and because the prosecutor failed to demon-

---

3. This form has not been made part of the record on appeal. We presume that omitted or missing portions of the record support the action of the

district court. *See State v. Repici,* 122 Idaho 538, 541, 835 P.2d 1349, 1352 (Ct.App.1992).

strate that the state would be prejudiced by the withdrawal.

A motion to withdraw a guilty plea is governed by Rule 33(c) of the Idaho Rules of Criminal Procedure. Pursuant to Rule 33(c), a motion to withdraw a guilty plea generally "may be made only before sentence is imposed...." However, the right to withdraw a guilty plea before sentencing is not absolute; a defendant must demonstrate a "just reason" for withdrawing the plea. *See State v. Dopp,* 124 Idaho 481, 485, 861 P.2d 51, 55 (1993). Once a defendant meets this burden, the state can avoid the granting of the motion by demonstrating that it will be prejudiced by the plea withdrawal. *Id.* Even if the state will suffer no prejudice from a defendant's plea withdrawal, a motion to withdraw may still be denied if the defendant fails to present and support a plausible reason for granting the withdrawal. *State v. McFarland,* 130 Idaho 358, 362, 941 P.2d 330, 334 (Ct.App.1997). In either situation, the defendant has the burden of proving that the plea should be withdrawn. *Id. See also State v. Wyatt,* 131 Idaho 95, 952 P.2d 910 (Ct.App. 1998). We review the denial of a motion to withdraw a guilty plea under an abuse of discretion standard. *State v. Lavy,* 121 Idaho 842, 844, 828 P.2d 871, 873 (1992).

At the hearing on his motion to withdraw, Acevedo testified that despite his contrary assertions at the plea colloquy, he was not thinking when he entered his plea and he did not clearly understand the consequences of entering a guilty plea. Specifically, Acevedo claimed that he did not understand the questions asked by the court, he was not thinking clearly on the day he entered his plea because of a prior brain injury, and he was threatened by his former counsel that if he proceeded to trial, he would receive a harsher sentence. Acevedo testified that he "wasn't thinking. I was just answering off the top of my head. I really wasn't thinking much about anything. I didn't clearly understand. I was thinking about my mother's illness, ... I was worried about her. I wanted things to get done and over with. I wasn't adequately represented." However, these assertions were directly contradicted by Acevedo's former attorney who was called

as a witness by the state. Counsel testified that the plea bargain and waiver of rights were discussed in meticulous detail; that counsel was reasonably prepared to try the case as scheduled; that he had completed discovery and discussed strategy with his client; that two of Acevedo's potential witnesses were not favorable to his case and that two others (relatives of defendant) were in Wyoming and otherwise unavailable or unwilling to appear on their own.

In light of the record, the witnesses testimony and the arguments of counsel, the district court found Acevedo's claim that his plea was not voluntarily, intelligently and knowingly entered to be without merit. The district court further found Acevedo's testimony at the plea withdrawal hearing to be "basically disingenuous, and, frankly, I don't believe it.... The Court finds that the credibility of the weight of the defendant's presentation and testimony is very weak and not believable. I don't believe this matter is brought in good faith." On these bases, the court concluded that Acevedo failed to demonstrate a just reason for withdrawing his plea and that the state would be prejudiced by the plea withdrawal in having to regroup and put the victims through the stress of a trial at this late date.

After reviewing the record, we find that the district court did not abuse its discretion in denying Acevedo's motion to withdraw his guilty plea under the just reason standard. The court's conclusions that Acevedo's plea was voluntarily, knowingly and intelligently given and that he had not demonstrated a just reason to withdraw his plea are amply supported by the record. Therefore, we find no abuse of discretion and affirm the district court's denial of Acevedo's motion to withdraw his plea of guilty.

LANSING, C.J., and PERRY, J., concur.