990 P.2d 144

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Daniel L. HARRINGTON, Defendant–Respondent.**

No. 24857.

Court of Appeals of Idaho.

Dec. 7, 1999.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

John M. Adams, Kootenai County Public Defender; J. Bradford Chapman, Deputy Public Defender, Coeur d'Alene, for respondent. J. Bradford Chapman argued.

SCHWARTZMAN, Judge.

The state appeals from the district court's refusal to sentence Daniel L. Harrington as a persistent violator. The district court determined that the purposes of I.C. § 19–2514 would not be met by enhancing Harrington's sentence because his two prior felony convictions, relied on by the state in seeking the enhancement, were so closely related that they should be treated as one. We affirm.

## I.

### FACTS AND PROCEDURE

On August 17, 1997, at approximately 3:30 a.m., Harrington, was seen breaking into a truck on the Parker Toyota lot in Coeur d'Alene. After breaking in, Harrington stole the car stereo inside. At this same time, Harrington maliciously damaged several vehicles on the lot. He was apprehended that morning after fleeing the scene and was charged with burglary and felony malicious injury to property the following day. On October 1, the state filed its Information with the court, restating the charges against Harrington and adding a claim for persistent violator enhancement under I.C. § 19–2514.

Following a jury trial, Harrington was found guilty on both counts. The judge then sent the jury out of the courtroom and proceeded to discuss Part II of the state's Information, the persistent violator enhancement. Part II listed two prior felony convictions of Harrington from Arkansas.[1] Harrington *admitted* the content of Part II of the state's Information. The district court concluded the trial by scheduling sentencing and ordering a presentence investigation report (PSI). The court issued a presentence order on April 17, 1998, reflecting Harrington's in-

---

1. Part II read as follows: Defendant's previous convictions consist of the following felony offenses:

    1) Burglary; Arkadelphia County, State of Arkansas, Convicted in 1991 of Burglary, given 5 years prison sentence and put on probation for 5 years,

    2) Criminal Conspiracy; Arkadelphia County, State of Arkansas, Convicted in 1991 of Criminal Conspiracy, given 5 years prison sentence and put on probation for 5 years.

court admission to being a persistent violator.

On May 5, 1998, Harrington filed a Motion to Withdraw Admission to Persistent Violator and a hearing was held. At the hearing, the state questioned whether Harrington could withdraw his admission after conclusion of the trial. The court issued an order on May 20th, denying Harrington's motion to withdraw his admission, but granting leave to renew "upon presentation of additional evidence and/or case law." Harrington later renewed the motion to withdraw his admission.

At the June 10 sentencing hearing, the district court heard argument concerning Harrington's status as a persistent violator. Harrington admitted that he conspired to burglarize an Arkansas Piggly Wiggly[2] and did burglarize the *same* store ten days prior. However, Harrington presented evidence that these two convictions were charged on the same day; that he appeared before the same judge and pled guilty to both charges on the same day, December 9, 1993; and that the cases had a joint resolution with identical concurrent sentences. In essence, Harrington argued that there was a single prosecution for the two charges.

The court thereafter did not formally rule on Harrington's renewed motion to withdraw his admission, but did, however, issue an order amending its earlier pre-sentence order to reflect its revised treatment of Harrington's two prior felonies as one conviction for purposes of sentencing enhancement.[3] The district court then sentenced Harrington to nine years with two years fixed for the burglary and five years with two years fixed for the malicious injury to property. The sentences were ordered to run concurrently and both were suspended with a five-year probationary period. The state filed this appeal.

2. Piggly Wiggly is a small regional grocery store chain offering a modest selection of fare, as evidenced by Harrington's booty of cigarettes, cigars, film, deodorant, medications and soft drinks.

3. It is uncertain how or if the district court addressed Harrington's motion to withdraw his admission. The court "deleted" its prior finding that Harrington was a persistent violator and amended its pre-sentence order to say that Harrington's two prior convictions would be treated as one for sentencing purposes, without actually ruling on the motion itself.

II.

## THE DISTRICT COURT CORRECTLY RULED THAT HARRINGTON COULD NOT BE TREATED AS A PERSISTENT VIOLATOR FOR PURPOSES OF I.C. § 19–2514, BASED UPON HIS ARKANSAS FELONY CONVICTIONS

In *State v. Brandt*, 110 Idaho 341, 715 P.2d 1011 (Ct.App.1986), this Court considered the applicability of I.C. § 19–2514 and stated the general rule that "convictions entered the same day or charged in the same information should count as a single conviction for purposes of establishing habitual offender status." *Brandt*, 110 Idaho at 344, 715 P.2d at 1014. This rule allows a defendant a chance to rehabilitate himself between convictions and assures that a first time offender, committing multiple felonies in one course of conduct, is not unfairly sentenced as a persistent violator. Id. at 344, 715 P.2d at 1014, *citing* Annotation, *Chronological or Procedural Sequence of Former Convictions as Affecting Enhancement of Penalty for Subsequent Offense Under Habitual Criminal Statutes*, 24 A.L.R.2d 1247 (1952). We find that Harrington's circumstances fit squarely within the intended scope of *Brandt*'s general rule.

Harrington was apprehended while attempting to burglarize a local Piggly Wiggly. Harrington admitted during his interrogation that he had burglarized that very same grocery store ten days prior. The State of Arkansas filed separate indictments on the two charges, but they had consecutive case numbers. Harrington pled guilty to both charges on December 9, 1993, in one proceeding before the same judge. Sentences for both convictions were entered on the same day and were identical.

Admittedly, the charges have separate case numbers and separate informations, although filed simultaneously, but we cannot allow the state of Idaho to circumvent the general rule of *Brandt* simply because an Arkansas prosecutor declined to consolidate these cases. Harrington's convictions were basically separate parts of a common plan or scheme and obviously could have been charged in one information, thus placing him squarely within the general rule articulated in *Brandt*.

Accordingly, we uphold the district court's decision to treat Harrington's two Arkansas convictions as one for purposes of sentencing enhancement under I.C. § 19–2514.

## III.

### ANY PROCEDURAL ERROR COMMITTED BY THE DISTRICT COURT IN REFUSING TO SENTENCE HARRINGTON AS A PERSISTENT VIOLATOR WAS HARMLESS

The state argues that even if the district court did not abuse its discretion in allowing Harrington to withdraw his admission to being a persistent violator, it erred in failing to reinstate the parties to the status quo prior to Harrington's admission. The state claims that if it had been returned to the status quo, it could have alleged other felony convictions of Harrington, besides the two Arkansas cases, and retried Harrington in order to bring him within the purview of I.C. § 19–2514. Thus, the state contends that if Harrington had been sentenced as a persistent violator, the sentences here (nine years with two fixed and five years with two fixed, both suspended) would be illegal under I.C. § 19–2514, and any error in sentencing Harrington as a non-persistent violator could not be harmless.[4] For the reasons set forth below, we find that any procedural error committed by the district court was harmless.

4. This, of course, assumes that the district court would exercise its discretion and permit the state to amend its Part II Information at this *late* date.

5. It should be noted that it took an amendment to the Idaho State Constitution to abolish the inherent powers of courts to suspend sentences

### A. Standard Of Review

Generally, an error will be treated as harmless if the appellate court determines beyond a reasonable doubt that the same result would have been reached, regardless of the error. *State v. Hudson*, 129 Idaho 478, 480, 927 P.2d 451, 453 (Ct.App.1996); compare *State v. Clark*, 132 Idaho 337, 971 P.2d 1161 (Ct.App.1998).

### B. The Sentence Imposed Was Within the District Court's Sentencing Discretion Generally And Under I.C. § 19–2514 Specifically

Our central issue in this analysis is what does I.C. § 19–2514 mandate from trial courts at sentencing.

Idaho Code section 19–2514 provides:

Any person convicted for the third time of the commission of a felony, whether the previous convictions were had within the state of Idaho or were had outside the state of Idaho, shall be considered a persistent violator of law, and on such third conviction shall be sentenced to a term in the custody of the state board of correction which term shall be for not less than five (5) years and said term may extend to life.

The state argues that this language removes the trial courts' discretion to suspend a sentence imposed on a persistent violator and imposes a mandatory aggregate term of at least five years imprisonment. We disagree.

#### 1. The principle of lenity

The principle of lenity mandates that criminal statutes be read narrowly and, where ambiguity exists, in a manner that provides leniency toward defendants. *State v. Nab*, 112 Idaho 1139, 1141, 739 P.2d 438, 440 (1987). This principle dictates a reading of I.C. § 19–2514 that allows a court to suspend a sentence imposed, not an interpretation that finds a mandatory five-year penitentiary term decreed within.[5]

as to legislatively imposed mandatory minimum terms of imprisonment. ID. CONST. Art. V, § 13. Where there has been no legislative action declaring a mandatory minimum term of imprisonment, thusly canceling a court's power to suspend sentences, such power to suspend should be preserved.

### 2. Statutory amendment by implication

The state maintains that I.C. § 19–2514 imposes a mandatory sentence by analogy to I.C. § 19–2513, the Unified Sentence Act. Substantial amendments were made to I.C. § 19–2513 in 1986 in order to implement what was called "truth in sentencing." The state argues that the 1986 amendments to I.C. § 19–2513 amended I.C. § 19–2514 by implication to require a mandatory prison term and removed the courts' power to suspend sentences under I.C.R. 33(d).[6] Statutory amendment by implication is disfavored and will not be inferred absent clear legislative intent. *Sunshine Mining Company v. Allendale Mutual Ins. Co.*, 107 Idaho 25, 27, 684 P.2d 1002, 1004 (1984); *State v. Martinez*, 43 Idaho 180, 250 P. 239 (1926). The state has submitted no legislative support for its implied statutory amendment of I.C. § 19–2514.

### 3. Idaho Code § 19–2514 only *authorizes* stiffer penalties for recidivist felons

Idaho Code § 19–2514 operates identically to many other statutes *authorizing* a range of sentences for conviction of the subject offense. For example, I.C. § 18–6503 provides that *robbery* is punishable by imprisonment in the state prison *for not less than five (5) years, and the imprisonment may be extended to life*, the same language of the persistent violator enhancement. It is not disputed however, that a trial court, acting upon authority provided in I.C. § 19–2601 and I.C.R. 33(d), can suspend a sentence imposed under I.C. § 18–6503.

The same is true for sentences enhanced under I.C. § 19–2514. Statutes of this type merely raise the bar so to speak, by broadening a judge's possible sentencing options. *State v. Smith*, 116 Idaho 553, 559, 777 P.2d 1226, 1232 (Ct.App.1989). Therefore, even if the district court had found Harrington to be a persistent violator, it was free to impose a sentence within the range provided, including suspending the sentence.

### 4. The district court would have imposed the same sentence, regardless of Harrington's persistent violator status

If there be any further question that any potential error was harmless, we point out that the trial judge below stated at sentencing, "I feel that if I made a persistent violator finding at this point, it probably wouldn't make much difference with regard to the sentence that would be imposed, because I think it is a real marginal instance of finding a persistent violator." The district court made this statement with *full knowledge* of Harrington's PSI and prior criminal record. This statement indicates that even if the court had sentenced Harrington as a persistent violator, the court would have imposed the same sentence.

Sentencing courts are vested with broad discretion. *State v. McGonigal*, 122 Idaho 939, 945, 842 P.2d 275, 281 (1992); *State v. Wilson*, 107 Idaho 506, 509, 690 P.2d 1338, 1341 (1984). Any sentence within the range provided for by the applicable statute will be upheld, unless a clear abuse of discretion is shown. *State v. Westmoreland*, 123 Idaho 980, 981, 855 P.2d 65, 66 (Ct.App.1993). The state has not made such a showing in this case. Suspended sentences of nine years with two fixed and five years with two fixed could have been imposed on Harrington, even assuming he was found to be a persistent violator under I.C. § 19–2514.

Accordingly, we find that any procedural error committed by the district court was harmless, as Harrington's sentence comports with the requirements of I.C. § 19–2514.

### IV.

### CONCLUSION

For the reasons stated above, we affirm the district court's order imposing suspended sentences of nine years with two fixed and five years with two fixed on Harrington.

Judge Pro Tem McDERMOTT, concurs.

---

6. The state's reading of I.C. § 19–2513 is that the language "custody of the state board of correction" does not include a suspended sentence.

Therefore, because I.C. § 19–2514 includes nearly identical language, the option of suspending a sentence is not contemplated.

Chief Judge PERRY, dissenting.

I respectfully dissent. The district court abused its discretion when it dismissed the persistent violator allegation in this case. Moreover, this error by the district court was not harmless.

After the jury returned with guilty verdicts in this case, Harrington admitted to being a persistent violator. Thereafter, Harrington moved for leave to withdraw his admission. In his motion, Harrington sought leave to "withdraw his admission to the allegations of being a persistent violator." The district court denied Harrington's motion, but permitted him leave to renew it at a later time. Harrington then filed a motion for reconsideration of the district court's denial of his motion to withdraw his admission and, thus, the relief Harrington sought remained the same. The motion for reconsideration was the sole matter before the district court when it dismissed the persistent violator allegation.

## I.

## ANALYSIS

### A. Motion to Withdraw Admission

When moving for leave to withdraw a guilty plea, the defendant must set forth the relief that he or she is seeking. *See* I.C.R. 47. Insofar as a motion to withdraw a guilty plea, the relief requested is just that, permission to withdraw that plea and, thus, to return the parties to the same position they were in before the plea was entered. An admission to a persistent violator allegation is analogous to a plea of guilty. The result of such an admission or guilty plea is that the prosecution is relieved of its burden of setting forth evidence to prove its allegation. A guilty plea may be withdrawn before sentencing only when a defendant demonstrates a "just reason" for withdrawing such a plea. *State v. Acevedo,* 131 Idaho 513, 516, 960 P.2d 196, 199 (Ct.App.1998). Thus, the proper course of action for a district court, after finding that the defendant has met the necessary burden permitting the court to do so, is to return the parties to the status quo.

Before sentencing, Harrington moved to withdraw his admission to being a persistent violator and, thus, requested that the district court return the parties to the status quo. Harrington was required to show just reason before the district court could properly permit him to withdraw his admission to being a persistent violator. Harrington, relied on *State v. Brandt,* 110 Idaho 341, 715 P.2d 1011 (Ct.App.1986), in support of his argument to withdraw his admission. The district court conducted a *Brandt* analysis and determined that it would treat the two felonies alleged by the prosecutor as one for the purposes of Harrington's persistent violator status. However, the district court did *not* find just reason for permitting Harrington to withdraw his admission. Indeed, as the majority recognizes, the district court failed to ever rule on Harrington's motion. Instead, based on its analysis under *Brandt,* the district court, *sua sponte,* dismissed the persistent violator allegation all together. The action by the district court in this case is analogous to a district court, in the context of a motion to withdraw a guilty plea, not ruling on that motion and instead dismissing the prosecutor's information. This would be clear error. At best, one can only say the *Brandt* analysis conducted by the district court was premature. Thus, the district court erred by not ruling on Harrington's motion or granting Harrington the relief he requested—permission to withdraw his admission to being a persistent violator.

Had the district court properly returned the parties to the status quo, the prosecutor would have been required to satisfy its burden of proving the persistent violator allegation on the felonies alleged, or any other felonies the prosecutor chose. Furthermore, had the district court ruled on the motion actually before it and granted Harrington the relief he requested, the prosecutor would have been made aware that, under *Brandt,* the district court would not consider the two prior felonies contained in the information sufficient for finding Harrington a persistent violator. Having the benefit of this knowledge, the prosecutor could have attempted to prove the persistent violator allegation based on any other felonies it chose to rely on, by

moving to amend the persistent violator allegation insofar as the felonies alleged therein.

I find unpersuasive the majority's insinuation that, due to the procedural posture of this case, it would have been too "late" and, thus, perhaps unlikely that the district court would have granted such a motion. Idaho Criminal Rule 7(e) states that the district court "may permit a complaint, an information or indictment to be amended at any time before the prosecution rests if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." The determination of whether the *prosecutor* should be permitted to amend the information rests in the trial court's discretion. *State v. Gauna*, 117 Idaho 83, 88, 785 P.2d 647, 652 (Ct.App.1989). Amendment of a persistent violator allegation does not alter any charge nor does it charge a new offense and, thus, the prosecution has been permitted to amend a persistent violator allegation, by enlarging the list of prior felonies relied upon, even after the jury trial on the underlying substantive crime has concluded. *See State v. Smith*, 116 Idaho 553, 559, 777 P.2d 1226, 1232 (Ct.App.1989). Indeed, the *Smith* Court permitted such an amendment *after* the evidentiary hearing on Smith's persistent violator status had begun. *Id.* Therefore, the majority's suggestion that it would have been too "late" for the district court to permit the prosecutor, at this juncture of the proceedings, to amend that portion of the information which alleged that Harrington was a persistent violator is contrary to existing Idaho precedent.

Moreover, the district court dismissed the persistent violator allegation without notifying the prosecutor that it was considering such an action. Idaho Criminal Rule 48 permits a district court to dismiss a criminal action upon its own motion if, among other things, the dismissal will serve the ends of justice. However, such action may be taken only *after* notice has been given to all parties. I.C.R. 48(a). It appears that without providing notice to the prosecutor and, thus, permitting the prosecutor to respond in a meaningful fashion, the district court dismissed the persistent violator allegation. Therefore, the district court abused its discretion when it dismissed the persistent violator allegation without giving the requisite notice, thereby allowing the prosecutor an opportunity to respond.

Additionally, the district court erroneously considered the facts underlying the *present* felony when it dismissed the persistent violator allegation. When the district court dismissed the allegation, it stated:

I think there may be some advantage to reserving, if you will a persistent violator finding. Mr. Harrington is going to have to get his life in order. And he is going to have to start taking things seriously. And perhaps if he recognized that he has truly used up two of his three strikes, it will motivate him to get somewhere other than where we are right now. . . . *And I think, quite frankly, a persistent violator finding should be reserved for a more serious situation* where the judge at that point -. I mean, you can sentence somebody up to life on that rule.

(Emphasis added.). Thus, the district court determined that Harrington's present case was not appropriate for a persistent violator "finding." The decision whether to prosecute and what charge to file rests in the prosecutor's discretion. *State v. Storm*, 123 Idaho 228, 233, 846 P.2d 230, 235 (Ct.App. 1993). The prosecutor's discretion includes the filing of persistent violator charges. *Id.* Thus, the district court invaded the province of the prosecutor when it determined that the instant case was not appropriate for a persistent violator finding.

Furthermore, the factual basis of the present crime is irrelevant to a persistent violator finding. Idaho Code Section 19–2514 states:

Any person convicted for the third time of the commission of a felony, whether the previous convictions were had within the state of Idaho or were had outside the state of Idaho, shall be considered a persistent violator of law, and on such third conviction shall be sentenced to a term in the custody of the state board of correction which term shall be for not less than five (5) years and said term may extend to life.

This Court has recognized that the legislature created the persistent violator statute to insure that habitual criminals will serve long-

er periods of incarceration than first-time felons. *State v. Clark,* 132 Idaho 337, 340, 971 P.2d 1161, 1164 (Ct.App.1998). Enhanced punishment for recidivists serves the purpose of: (1) increasing punishment for those who have failed to learn to respect the law after suffering the initial penalties and embarrassment of a conviction; (2) protecting law-abiding citizens from the clear danger posed by the high incidence of repeat offenses; or (3) deterring criminals and others from committing subsequent crimes. *See* 39 Am.Jur.2d *Habitual Criminals, Etc.* § 2 (1999) (footnotes omitted). Although the sentence imposed after an individual is found to be a persistent violator is within the sound discretion of the trial court, the egregiousness of the instant felony is irrelevant to a finding that an individual is, in fact, a persistent violator. So long as the present crime charged is a felony, and the prosecutor proves that the prior convictions are felonies, the persistent violator inquiry is at an end. Thus, the district court erred when it determined that the present crime was unworthy of a persistent violator finding.

**B.  Harmless Error**

Finally, the majority concludes that any error by the district court should be deemed harmless. I cannot agree. Generally, an error will be regarded as harmless if the appellate court determines *beyond a reasonable doubt* that the same result would have been reached, regardless of the error. *State v. Hudson,* 129 Idaho 478, 480, 927 P.2d 451, 453 (Ct.App.1996). The majority concludes "even if the [district] court had sentenced Harrington as a persistent violator, the [district] court *would* have imposed the same sentence." (Emphasis added.). I cannot agree.

The district court, by dismissing the persistent violator allegation, precluded the prosecutor from setting forth evidence to prove that allegation. Moreover, because the district court's *sua sponte* act precluded the prosecutor from moving to amend the persistent violator allegation in this case to include other prior crimes, the district court was without the benefit of the prosecutor's evidence regarding such crimes. Finally, the record before this Court does not support the

majority's conclusion. Here, the district court stated that if it made a persistent violator finding, "it probably wouldn't make that much difference with regard to the sentence that would be imposed." Probably is defined as "in all probability; so far as the evidence shows; presumable; likely." BLACKS LAW DICTIONARY 1201 (6th ed.1990). However, "beyond a reasonable doubt" is defined as "entirely convinced." *Id.* at 161. The district court's statement that finding Harrington was a persistent violator would probably not affect the sentence it imposed does not satisfy the reasonable doubt standard required in this Court's harmless error analysis on appeal.

This Court has also recognized that there are collateral consequences of being found a persistent violator. Although the sentence imposed after a persistent violator finding is within the sound discretion of the trial court, we have previously stated:

> The persistent violator status carries with it a certain stigma and may place pressure on the sentencing court to protect the public with a more lengthy sentence, as well as on prison officials who may be reluctant to grant parole. Therefore, a persistent violator finding will often cause enhancement of the sentence imposed by the sentencing court and may also defer one's parole status.

*Clark,* 132 Idaho at 340, 971 P.2d at 1164. These collateral consequences also lead me to conclude that the district court's error was not harmless.

## II.

## CONCLUSION

Thus, based on the facts of this case and the record before this Court, I am constrained to conclude that the district court's order dismissing the persistent violator allegation against Harrington should be reversed. The district court did not require Harrington to meet the burden of demonstrating just reason to withdraw his admission, in fact, it never ruled on Harrington's motion, the only motion that was properly before it. Moreover, the district court granted relief that Harrington did not request.

Additionally, the district court failed to provide adequate notice to the prosecutor regarding its *sua sponte* dismissal of the persistent violator allegation. Furthermore, the basis for the district court's action, the factual circumstances underlying the instant crime, was erroneous. Finally, I cannot agree with the majority that this error by the district court was harmless. Therefore, I respectfully dissent.