## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 38980

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2012 Opinion No. 48** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: September 13, 2012** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| DANIEL DALE PARSONS, JR., | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Judgment of conviction for aiding and abetting robbery and eluding a peace officer, <u>affirmed</u>.

Greg S. Silvey, Star, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jason M. Gray, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Daniel Dale Parsons, Jr., appeals from his convictions of aiding and abetting robbery and eluding a peace officer with a persistent violator enhancement. Parsons asserts that the district court gave an erroneous jury instruction during the persistent violator phase of trial that partially relieved the State of its burden of proving two prior felony convictions. We affirm.

## I.

## BACKGROUND

Parsons was charged with aiding and abetting robbery, Idaho Code §§ 18-6501, 18-204, and eluding a peace officer, I.C. § 49-1404, and was found guilty of both charges by a jury. The State also sought a persistent violator sentence enhancement, I.C. § 19-2514,[1] based on Parsons'

_____

[1] Idaho Code § 19-2514 states:

1

four alleged previous felony convictions in the state of Nevada: one from 1981 and three from 1987. The three 1987 convictions stemmed from three separate cases, but all three judgments were entered the same day. At the beginning of the persistent violator enhancement phase of trial, the district court instructed the jury as follows:

> Having found the defendant guilty of aiding and abetting robbery and eluding, you must next consider whether the defendant has been convicted on at least two prior occasions of felony offenses. The state alleges the defendant has prior convictions as follows: Count One, [1981 felony conviction for sale of a controlled substance] . . . *and* Count Two, [1987 felony conviction for conspiracy to commit robbery] . . . *and/or* Count Three [1987 felony conviction for burglary] . . . *and/or* Count Four, [1987 felony conviction for burglary]. The existence of a prior conviction must be proved beyond a reasonable doubt and your decision must be unanimous.

(emphasis added). The State then introduced into evidence certified copies of the judgments of conviction as well as several other documents to show that Parsons had previously been convicted of each of the four felonies as alleged. At the conclusion of the evidence, the district court read the remainder of the instructions to the jury, beginning with an instruction that the State must prove, beyond a reasonable doubt, that Parsons had previously been convicted of at least two felonies. After reading that instruction, the court orally added, "Now, for the purposes of this instruction, you must find that Count One has been proven beyond a reasonable doubt." Parsons did not object to this extemporaneous oral instruction, which did not appear in the written instructions given to the jury. The court then read the remainder of the jury instructions. After the jury was excused, the court stated to the parties:

> I want to make it really clear for the record that they had to find that the first count was, in fact, proven because I think that's what the intent was of the way in which we've written it. And even though it's not in the written instructions, the law is very clear that the oral instructions are actually what control.

---

> Any person convicted for the third time of the commission of a felony, whether the previous convictions were had within the state of Idaho or were had outside the state of Idaho, shall be considered a persistent violator of law, and on such third conviction shall be sentenced to a term in the custody of the state board of correction which term shall be for not less than five (5) years and said term may extend to life.

2

I'm not going to rewrite that because I think that the point--the point here is we want to make sure that it cannot be later argued that they didn't find him on the one, they just found him on these other three. I want to make it clear they have to find the one before they find the rest of them.

The jury ultimately found Parsons to be a persistent violator of the law. Parsons was sentenced to a fixed life term of imprisonment for aiding and abetting robbery and a consecutive fixed life term for eluding a peace officer, inclusive of the persistent violator enhancement. Parsons appeals, challenging the extemporaneous oral instruction given by the court in the persistent violator segment of the trial.

## II.

## ANALYSIS

Parsons asserts that the court's oral instruction, "Now, for the purposes of this instruction, you must find that Count One has been proven beyond a reasonable doubt," constitutes reversible error because it relieved the State of its burden of proving one of the two requisite prior felonies for a persistent violator sentence enhancement. Recognizing that he did not object to the instruction at trial, Parsons asserts that instruction constitutes fundamental error reviewable on appeal despite the lack of objection below.

Idaho appellate courts generally will not consider an assertion of error on appeal unless the issue was preserved in the trial court proceedings. *State v. Perry*, 150 Idaho 209, 224, 245 P.3d 961, 976 (2010); *State v. Johnson*, 126 Idaho 892, 896, 894 P.2d 125, 129 (1995). Nevertheless, an alleged trial error in a criminal case that was not followed by a contemporaneous objection may be reviewed on appeal if it amounts to fundamental error. To establish reversible fundamental error:

> (1) the defendant must demonstrate that one or more of the defendant's unwaived constitutional rights were violated; (2) the error must be clear or obvious, without the need for any additional information not contained in the appellate record, including information as to whether the failure to object was a tactical decision; and (3) the defendant must demonstrate that the error affected the defendant's substantial rights, meaning (in most instances) that it must have affected the outcome of the trial proceedings.

*Perry*, 150 Idaho at 226, 245 P.3d at 978 (footnote omitted).

An erroneous instruction that relieves the State of its burden to prove an element of a charged crime can be characterized as either a violation of due process, *State v. Draper*, 151

Idaho 576, 588, 261 P.3d 853, 865 (2011); *State v. Anderson*, 144 Idaho 743, 749, 170 P.3d 886, 892 (2007); *see also Sullivan v. Louisiana*, 508 U.S. 275, 278 (1993); or as a violation of the Sixth Amendment's jury trial guarantee. *Neder v. United States*, 527 U.S. 1, 12 (1999); *Sullivan*, 508 U.S. at 277-78. Elements of a crime and sentencing factors that must be determined by a jury are treated the same for Sixth Amendment purposes. *Washington v. Recuenco*, 548 U.S. 212, 220 (2006). Literal application of the challenged instruction in Parsons' trial would relieve the State of its burden of proving one element of the persistent violator allegation. Therefore, a constitutional issue is presented.

The State concedes that Parsons' "claim is constitutional in nature," but asserts that the alleged error in this case was not clear because "there is no reasonable likelihood that a rational jury would have applied the challenged instruction in a way that violated Parsons' constitutional rights." The State asserts that the challenged instruction is ambiguous, but that when the instructions are read as a whole, the jury would have understood that the State was required to prove two prior felony convictions, one from 1981 and at least one from 1987.

When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993). We review jury instructions as a whole because an ambiguity in one instruction may be made clear by other instructions, and an instruction that appears incomplete when viewed in isolation may fairly and accurately reflect the law when read together with the remaining instructions. *See State v. Adamcik*, 152 Idaho 445, 472, 272 P.3d 417, 444 (2012); *State v. Enno*, 119 Idaho 392, 405, 807 P.2d 610, 623 (1991); *State v. Ranstrom*, 94 Idaho 348, 352, 487 P.2d 942, 946 (1971).

We are not persuaded, however, that the instruction here was ambiguous. We well understand the district court's intent. It was attempting to instruct that the jury could not find Parsons to be a persistent violator unless it found that he committed the 1981 felony, together with at least one of the 1987 felonies; i.e., that the jury could not base a persistent violator finding solely on a combination of 1987 felonies.[2] Unfortunately, however, the oral instruction

---

[2] The court apparently gave the challenged instruction based on an understanding that Parsons could not be found to be a persistent violator if all the prior convictions were entered on the same day. Generally, "convictions entered the same day or charged in the same information should count as a single conviction for purposes of establishing habitual offender status." *State*

4

actually given was phrased as a direction that the jury "must" find that Parsons' 1981 conviction had been established, thereby relieving the State of the burden of proving one of the two requisite prior felonies for a persistent violator enhancement. Even looking at the instructions as a whole, we conclude that a reasonable juror could have understood the challenged instruction as relieving the State of its burden to prove *two* prior convictions beyond a reasonable doubt. A general instruction on the State's burden of proof does not correct an instruction expressly relieving the State of that burden on a specific element. We are constrained to hold that the challenged instruction was clear constitutional error.

We next consider whether the error affected Parsons' substantial rights. This third prong is equivalent to harmless error analysis for objected-to errors except that the burden of persuasion is on the defendant. *Perry*, 150 Idaho at 225, 245 P.3d at 977. In *Perry*, our Supreme Court set forth the following standard:

> [I]n the limited instance where the jury received proper instruction on all but one element of an offense, and "[w]here a reviewing court concludes beyond a

*v. Brandt*, 110 Idaho 341, 344, 715 P.2d 1011, 1014 (Ct. App. 1986). This rule allows a defendant a chance to rehabilitate himself between convictions and assures that a first-time offender, committing multiple felonies in one course of conduct, is not unfairly sentenced as a persistent violator. *State v. Harrington*, 133 Idaho 563, 565, 990 P.2d 144, 146 (Ct. App. 1999). "However, the nature of the convictions in any given situation must be examined to make certain that the general rule is appropriate." *Brandt*, 110 Idaho at 344, 715 P.2d at 1014 (prior felonies were treated as multiple felonies when convictions were separately charged and committed during a two-month period). *See also State v. Self*, 139 Idaho 718, 725, 85 P.3d 1117, 1124 (Ct. App. 2003) (prior felonies treated as multiple felonies when "[a]ll four of the felonies involved four different victims and were charged in separate informations as separate criminal actions"); *State v. Mace*, 133 Idaho 903, 907, 994 P.2d 1066, 1070 (Ct. App. 2000) (prior felonies treated as multiple felonies when they "were unrelated crimes, grand theft and felony DUI, committed on different dates in different counties"); *Harrington*, 133 Idaho at 566, 990 P.2d at 147 (prior felonies treated as single felony despite having "separate case numbers and separate informations" because "convictions were basically separate parts of a common plan or scheme and obviously could have been charged in one information"); *State v. Clark*, 132 Idaho 337, 340, 971 P.2d 1161, 1164 (Ct. App. 1998) (prior felonies treated as single felony when they were charged in the same information and there was no evidence that the crimes were committed at different times or locations); *State v. Smith*, 116 Idaho 553, 560, 777 P.2d 1226, 1233 (Ct. App. 1989) (prior felonies treated as multiple felonies they "perpetrated on separate victims" and "were for distinguishable incidents of criminal conduct"). We express no opinion on whether the 1987 felonies should have been treated as a single or as multiple convictions in this case.

reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error, the erroneous instruction is properly found to be harmless." *State v. Lovelace*, 140 Idaho 73, 79, 90 P.3d 298, 304 (2004). If a rational jury could have found that the state failed to prove the omitted element then the appellate court shall vacate and remand.

*Perry*, 150 Idaho at 228, 245 P.3d at 980.

Despite the standards articulated in *Perry*, Parsons asserts that harmless error review is inapplicable and "the error is per se reversible" because an instruction directing the jury to find that Parsons was convicted of a felony in 1981 was equivalent to a directed verdict on the persistent violator enhancement. A jury instruction directing a verdict in a criminal case deprives the accused of the right to a jury trial and constitutes structural error that ipso facto calls for reversal. *See Rose v. Clark*, 478 U.S. 570, 578 (1986). In that circumstance, the error "is that the wrong entity judge[s] the defendant guilty." *Id.* Parsons asks this Court to recognize a distinction between an instruction that omits an element from jury instructions, as discussed in *Perry*, and an instruction that requires the jury to make a particular finding on one element. He argues that we should treat the latter as a directed verdict for the State, and hence a structural error.

Another decision of the United States Supreme Court, however, negates Parsons' argument. In *Neder*, the district court erroneously determined that materiality, one of the elements of the fraud statutes under which a defendant was charged, was a question for the court instead of the jury. *Id.* at 4, 6. The district court determined that the materiality element had been satisfied and instructed the jury not to consider it. *Id.* at 6. The United States Supreme Court held that the district court erred by not submitting the issue of materiality to the jury. *Id.* at 8, 20. Although the judge in *Neder* not only omitted the materiality instruction from the jury instructions, but also decided the materiality element himself, the Supreme Court declined to presume error under a structural-error review, and instead held that the error was subject to harmless-error analysis. *Id.* at 8-15. The majority in *Neder* noted:

> Justice SCALIA, in his opinion concurring in part and dissenting in part, also suggests that if a failure to charge on an uncontested element of the offense may be harmless error, the next step will be to allow a directed verdict against a defendant in a criminal case contrary to *Rose v. Clark*, 478 U.S. 570, 578, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986). Happily, our course of constitutional adjudication has not been characterized by this "in for a penny, in for a pound"

6

approach. We have no hesitation reaffirming *Rose* at the same time that we subject the narrow class of cases like the present one to harmless-error review.

*Id.* at 17 n.2. In that footnote, the United States Supreme Court rejected the argument that the omission of an element is equivalent to a directed verdict. The Court held that harmless-error review is appropriate because the error does not "vitiat[e] *all* the jury's findings." *Id.* at 11 (quoting *Sullivan*, 508 U.S. at 281) (alteration and emphasis in original). Therefore, we conclude that a distinction between the erroneous omission of an element of a crime or enhancement from jury instructions and an erroneous instruction that a particular element has been satisfied is not warranted under *Neder*.

> Our Supreme Court has followed the reasoning in *Neder* as a standard of review in Idaho:
>
>> Taking *Sullivan* and *Neder* together, in instances where erroneous jury instructions were provided at trial, an appellate court must first determine whether an improper jury instruction affected the entire deliberative process. If it did, then a reversal is necessary as the jury's deliberations were fundamentally flawed, and any attempted harmless error inquiry would essentially result in the appellate court itself acting in the role of jury. However, where the jury instructions were only partially erroneous, such as where the jury instructions improperly omitted one element of a charged offense, the appellate court may apply the harmless error test, and where the evidence supporting a finding on the omitted element is overwhelming and uncontroverted, so that no rational jury could have found that the state failed to prove that element, the constitutional violation may be deemed harmless.

*Perry*, 150 Idaho at 224, 245 P.3d at 976.

Thus, where a reviewing court concludes beyond a reasonable doubt that the element was uncontested or uncontroverted and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error, an instruction erroneously directing a finding on one element is properly found to be harmless.[3] *Draper*, 151 Idaho at 591-92, 261 P.3d at

---

[3] We express no opinion on whether prejudice may be presumed under fundamental error review of true "structural" error. Neither the Idaho Supreme Court nor the United States Supreme Court has addressed the issue and we need not do so here. *Compare Puckett v. United States*, 556 U.S. 129, 140 (2009) ("This Court has several times declined to resolve whether 'structural' errors--those that affect 'the framework within which the trial proceeds,'-- automatically satisfy the third prong of the *plain-error test*.") (emphasis added) *and Perry*, 150 Idaho at 222, 245 P.3d at 974, *with United States v. Recio*, 371 F.3d 1093, 1101 (9th Cir. 2004) ("We now join [the Third and Fourth Circuits] and hold that a finding of structural error satisfies the third prong" of the plain-error test.).

868-69; *Perry*, 150 Idaho at 223, 245 P.3d at 975; *State v. Rolon*, 146 Idaho 684, 689-90, 201 P.3d 657, 662-63 (Ct. App. 2008); *State v. Lilly*, 142 Idaho 70, 73, 122 P.3d 1170, 1173 (Ct. App. 2005); *accord Neder*, 527 U.S. at 17. However, if a rational jury could have found that the State failed to prove the element, then the appellate court must vacate the verdict and remand for a new trial. *Perry*, 150 Idaho at 228, 245 P.3d at 980.

We are convinced that the outcome of the sentence enhancement proceedings in this case would have been the same absent the court's erroneous instruction. The evidence that Parsons was convicted of a felony in 1981, in addition to the 1987 felonies, was overwhelming and uncontested. The State introduced certified copies of records from the Nevada Department of Corrections, including judgments of conviction for each of the four felonies, an order revoking probation, fingerprint cards, and a mug shot from the Nevada Department of Prisons. The sentence for each conviction far exceeded one year. The identifying information found on the various records matched Parsons' name, date of birth, and social security number. Parsons did not challenge any of the evidence introduced by the State. Therefore, the district court's erroneous instruction was harmless.

### III.
### CONCLUSION

The district court erred by instructing the jury that it must find that Parsons was convicted of a felony in 1981, thereby partially relieving the State of its burden of proving two prior felony convictions for purposes of a persistent violator sentence enhancement. However, because the evidence of the prior conviction was overwhelming and uncontested, the error was harmless.

Judge GUTIERREZ **CONCURS.**

Chief Judge GRATTON **CONCURS IN THE RESULT.**

8