994 P.2d 1066

STATE of Idaho, Plaintiff–Respondent,

v.

Leland MACE, Defendant–Appellant.

No. 24191.

Court of Appeals of Idaho.

Jan. 27, 2000.

Review Denied March 17, 2000.

Grover Archibald, Rigby, for appellant. R. James Archibald argued.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

LANSING, Judge.

Leland Kay Mace appeals from a judgment of conviction for driving under the influence of alcohol, asserting there was not sufficient evidence to support the verdict and that the district court erred in admitting a prior felony conviction into evidence. Mace also claims that the district court improperly applied the persistent violator statute to Mace.

## FACTS AND PROCEDURAL HISTORY

As Mace was backing out of the parking lot of a bar at 10:40 p.m., he almost collided with a police patrol vehicle driven by St. Anthony police officer Bryan Fullmer. The officer knew that Mace was forbidden to drive after 10:00 p.m. due to a restriction on his license. Officer Fullmer activated his emergency lights to stop Mace, but Mace continued driving for four blocks until he pulled into his own driveway. As Mace was walking toward his house, the officer stopped him and asked for his driver's license and registration. During this encounter, the officer noticed that Mace exhibited various signs of inebriation, including the odor of alcohol, slurred speech and glassy eyes. Mace also admitted to having one drink that evening.

Mace refused to cooperate with the field sobriety tests and, after arrest, refused to take a breath test.

Mace was charged with driving under the influence of alcohol (DUI), Idaho Code § 18–8004. The charge was enhanced to a felony pursuant to I.C. § 18–8005(7) because Mace had been convicted of another felony DUI within the preceding ten years. The State also alleged that Mace was subject to a sentence enhancement under the persistent violator statute, I.C. § 19–2514.

During his direct examination at trial, Mace made the statement, "I don't drink and drive." Seizing upon this opening, on cross-examination the prosecutor questioned the veracity of Mace's statement that he did not drink and drive. In response, Mace stated, "Other than this one incident, I haven't in the past three or four years." Thereafter, outside the presence of the jury, the prosecutor asked the court's permission to impeach this testimony by introducing evidence that Mace had been convicted of DUI three and one-half years earlier. The district court held that Mace had "opened the door" to this evidence and allowed cross-examination regarding Mace's prior DUI conviction. The jury returned a guilty verdict.

Pursuant to a stipulation by the parties, the jury was dismissed and the district judge tried the statutory enhancement issues. The district judge found that Mace had been convicted of two prior felonies, grand theft and DUI, and thus applied the persistent violator statute.

The district court originally sentenced Mace to a three-year term with one year fixed for the DUI and a consecutive ten-year term with five years fixed under the persistent violator statute. Mace appealed. After Mace filed his appellate brief, however, the State filed a motion for correction of Mace's sentence pursuant to Idaho Criminal Rule 35, bringing to the district court's attention that the persistent violator statute does not authorize imposition of a separate sentence in addition to the sentence for the underlying offense. Thereafter, Mace also filed a Rule 35 motion alleging that his sentence was illegal because, when imposing the sentence,

the district court mistakenly believed that it was required to impose a determinate term of not less than five years. The appeal was suspended for disposition of these motions in the district court. In response to the motions, the district court amended Mace's sentence to a unified ten-year term with a five-year minimum period of confinement.

## ANALYSIS

### A. Whether There Was Sufficient Evidence to Support the Conviction.

As his first issue on appeal, Mace challenges the sufficiency of the evidence to support the jury's finding of guilt. Appellate review of the sufficiency of the evidence is limited in scope. A judgment of conviction, entered upon a jury verdict, will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct.App.1991); *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct.App.1985). In conducting our review, we consider the evidence in the light most favorable to the State. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *Decker*, 108 Idaho at 684, 701 P.2d at 304. We will not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *Decker*, 108 Idaho at 684, 701 P.2d at 304.

The offense with which Mace was charged is defined in I.C. § 18–8004(1)(a) as follows:

It is unlawful for any person who is under the influence of alcohol, drugs or any other intoxicating substances ... to drive or be in actual physical control of a motor vehicle within this state, whether upon a highway, street or bridge, or upon public or private property open to the public.

Subsection (2) of that statute further provides:

Any person who does not take a test to determine alcohol concentration or whose test result is determined by the court to be unreliable or inadmissible against him, may be prosecuted for driving or being in actual physical control of a motor vehicle while under the influence of alcohol, drugs, or any other intoxicating substances, on other competent evidence.

With respect to the State's burden to prove an offense under § 18–8004(1), this Court has recently stated:

"Driving under the influence" may be proved by direct and circumstantial evidence. It is not necessary for the state to prove that the driver could not drive safely or prudently, but only that [his] "ability to drive was impaired by the influence of alcohol." The impairment must be of a physical or mental function that relates to one's ability to drive. Thus, where as here, the .10% per se rule is inapplicable because no chemical testing has been performed, "driving under the influence" must be established by evidence showing consumption of alcohol and some discernible impairment related to the motorist's ability to drive.

*State v. Bronnenberg*, 124 Idaho 67, 70, 856 P.2d 104, 107 (Ct.App.1993) (citations omitted). *See also State v. Andrus*, 118 Idaho 711, 714–15, 800 P.2d 107, 110–11 (Ct.App. 1990).

In Mace's case, the prosecution presented evidence that Mace was intoxicated through the testimony of two officers that he smelled of alcohol, exhibited poor balance and slurred speech, and had watery and bloodshot eyes. The State also presented evidence that Mace's intoxication actually affected his ability to drive. This came through Officer Fullmer's testimony that Mace nearly collided with Officer Fullmer's patrol car when Mace was backing out of the parking lot of a bar and that, although Officer Fullmer followed Mace for approximately four blocks with his overhead emergency lights flashing, Mace was apparently unaware of Officer Fullmer's presence until Mace had exited his car and Officer Fullmer spoke to him. This was sufficient evidence from which the jury could reasonably conclude that Mace's ability to drive was impaired by the influence of alcohol.

## B. Whether Evidence of a Prior DUI Should Have Been Admitted.

■ Mace's second assignment of error is that the district court incorrectly allowed the State to introduce evidence of Mace's prior DUI conviction. The district court ruled, outside the presence of the jury, that Mace had "opened the door" with his statement on direct examination that, "I don't drink and drive." Mace argues that the prior conviction was inadmissible under Idaho Rule of Evidence 404(b), which prohibits evidence of other crimes to show that a person has a propensity for such behavior. He also argues that the evidence was irrelevant and, even if relevant, should have been excluded as unduly prejudicial under I.R.E. 403.

■ We conclude, however, that the evidence was properly admitted. Evidence of Mace's prior DUI conviction became relevant when Mace made it so by testifying, "I don't drink and drive." By choosing to give testimony, Mace put his credibility and veracity at issue. "[W]hen an accused takes the stand to testify in his own behalf, he is subject to impeachment the same as any other witness." *State v. Drapeau*, 97 Idaho 685, 688, 551 P.2d 972, 975 (1976). The evidence of a prior DUI conviction was relevant to directly impeach and contradict Mace's testimony that he did not engage in that type of behavior.

■ Idaho Rule of Evidence 404(b) does not call for exclusion of this evidence. That rule generally prohibits evidence of other crimes when it is used "in order to show that the person acted in conformity therewith." In this case, the State was not introducing the evidence to show that Mace had a propensity to drink and drive, but to impeach his own prior statement. Therefore, admission of the evidence was not violative of I.R.E. 404(b).

■ Mace's assertion that the prior DUI conviction should have been excluded under I.R.E. 403 because its prejudicial impact outweighed its probative value is also without merit. A review of the trial transcript reveals that the district court engaged in a balancing of the probative value of the evidence against its potential for unfair preju-dice. Because of its concern about the prejudicial effect, the district court did not allow the prosecutor to disclose that the prior DUI conviction was a felony, but restricted the prosecutor to ask merely whether Mace had previously been convicted of DUI. On this record, we could not say that the district court abused its discretion in holding that the probative value of the evidence, as thus limited, was substantially outweighed by its potential for unfair prejudicial impact.

## C. Whether the Persistent Violator Statute Was Applicable

■ Mace next argues that the district court improperly concluded that he was a persistent violator and that his sentence was therefore subject to enhancement. The enhancement was based upon I.C. § 19–2514, which provides:

> Any person convicted for the third time of the commission of a felony, whether the previous convictions were had within the state of Idaho or were had outside the state of Idaho, shall be considered a persistent violator of law, and on such third conviction shall be sentenced to a term in the custody of the state board of correction which term shall be for not less than five (5) years and said term may extend to life.

Mace contends that the application of this statute to him was incorrect because the sentences on his two prior felony convictions were entered on the same day at the same hearing. Mace contends that they therefore should be treated as a single conviction for purposes of the persistent violator statute.

Applying I.C. § 19–2514 in *State v. Brandt*, 110 Idaho 341, 715 P.2d 1011 (Ct. App.1986), this Court noted that:

> The majority of jurisdictions do not permit multiple convictions entered the same day or charged in the same information to be used to establish a defendant's status as a habitual offender, reasoning that a defendant should be entitled to an opportunity to reform himself between convictions or that the persistent violator statute seeks to warn first time offenders.

*Id.* at 344, 715 P.2d at 1014. We adopted this general rule but qualified it, holding that

"[t]he nature of the convictions in any situation must be examined to make certain that the general rule is appropriate." *Id.* In *Brandt*, we concluded that, because Brandt's three previous convictions had been charged in separate informations and each charge was for a separate crime committed in a separate location against a separate victim, the circumstances took him out of the general rule. Thereafter, in *State v. Smith*, 116 Idaho 553, 777 P.2d 1226 (Ct.App.1989), adhering to the *Brandt* precedent, we held that the defendant did not fit within the general rule because his convictions were for separate crimes committed on different victims in different counties. *Id.* at 560, 777 P.2d at 1233.

Mace's two prior felony convictions were unrelated crimes, grand theft and felony DUI, committed on different dates in different counties, but the sentencing in these cases occurred in one hearing before the same judge, and the judgments of conviction were entered on the same day. Mace acknowledges that because his prior felonies were unrelated crimes charged in separate informations, they do not qualify for treatment as a single conviction under the rule enunciated in *Brandt*. However, Mace urges this Court to overrule *Brandt* and follow a more lenient approach, adopted in other jurisdictions, that would treat unrelated offenses as a single conviction if the two prior convictions were entered on the same day. Mace argues that adherence to the *Brandt* precedent thwarts the legislative intent of giving felons *two* opportunities to reform before treating them as persistent violators. Here, Mace urges, he effectively had previously been convicted only one time and served one sentence, although there were convictions for two felonies with concurrent sentences.

We acknowledge that the "exception" in *Brandt* may nearly swallow the general rule. Nonetheless, principles of *stare decisis* call for our adherence to the holding in *Brandt*. We note also that the Idaho legislature has indicated no disapproval of the *Brandt* court's interpretation of I.C. § 19–2514. In the thirteen years since the *Brandt* decision,

the legislature has not amended the statute to legislatively overrule *Brandt*, nor has the Idaho Supreme Court overruled it. Therefore, although Mace's argument may warrant consideration by our Supreme Court, we will adhere to our ruling in *Brandt*. Accordingly, we affirm the district court's application of the persistent violator statute and its finding that Mace falls within the purview of that statute.[1]

## CONCLUSION

We conclude that there was sufficient evidence to support the jury's verdict, that the district court correctly admitted evidence of Mace's prior DUI conviction, and that the district court correctly applied the persistent violator statute. The judgment of conviction is therefore affirmed.

Judge Pro Tem SMITH concurs.

Judge SCHWARTZMAN, concurring.

I concur in the opinion of this Court. I write separately to further amplify two of the issues addressed in the lead opinion.

### 1. Whether Evidence of Mace's Prior DUI Should Have Been Admitted

I agree that Mace "opened the door" when he foolishly volunteered that, "I don't drink and drive." Moreover, the district judge is to be commended for balancing the competing interests under I.R.E. 403 and denying admission of Mace's prior *felony* DUI status. I would suggest, however, that an even more cautious approach would be prudent in these circumstances to avoid the inherent prejudice sought to be protected against under I.R.E. 404(b), i.e. the legalesque maxim of "once a drunk driver, always a drunk driver." This is especially true where the prior conduct or evidence is for the very same offense for which the defendant is currently on trial. To that extent, a district court could limit the state's inquiry to the fact of a DUI stop or

---

1. At oral argument, Mace's counsel acknowledged that other alleged errors raised in his appellate brief were corrected by resentencing during the pendency of this appeal and that these issues are therefore moot. Accordingly, we do not address them.

arrest rather than a *conviction*, and so further reduce the potential prejudicial impact.

## 2. Whether the Persistent Violator Statute Was Applicable

I endorse Judge Lansing's suggestion that this Court's *Brandt* rationale may need to be reexamined by our Supreme Court. I, too, am concerned that the "exception" articulated in *Brandt* may nearly swallow up the general rule. Just recently this Court wrestled with a similar issue in *State v. Harrington*, 133 Idaho 563, 990 P.2d 144 (Ct.App. 1999). I wonder whether, if Harrington had entered another Piggly Wiggly in an adjoining neighborhood or county rather than the very same store, or if he was about to burgle a competitor next door, such as a Wiggly Piggly, the result would have been the same, i.e. a ruling that the two convictions and sentences issued on the same day in the same proceeding were one for the purposes of sentencing enhancement under I.C. § 19–2514? Such may be the stuff of Supreme Court review.