85 P.3d 1117

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Rodney G. SELF, Defendant–Appellant.**

**State of Idaho, Plaintiff–Respondent,**

v.

**Rodney G. Self, Jr., Defendant–Appellant.**

**Nos. 28050, 28069.**

Court of Appeals of Idaho.

Nov. 5, 2003.

Review Denied Feb. 18, 2004.

Hon. Molly J. Huskey, State Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

PERRY, Judge.

Rodney G. Self appeals from his judgments of conviction for two counts of rape and one count of lewd conduct with a minor under the age of sixteen. Self also appeals from the district court's denial of his I.C.R. 35 motion for correction of an illegal sentence. We affirm.

## I.

## FACTS AND PROCEDURE

In November 2000, Self temporarily resided with a family, which included three children. When Self moved into the home, R.V., the youngest child, was fourteen years old.

R.V. alleged that on November 7, 2000, she and Self were in the TV room when Self asked her to rub his back. According to R.V., Self then asked her if she wanted to have sex with him. R.V. walked to her room, grabbed her quilt, and reclined on the floor to watch television in her bedroom. Soon thereafter, Self entered R.V.'s room, asked her to take her clothes off, and had sex with her. R.V. alleged that during the incident, Self ejaculated on her quilt and then wiped himself off with a blue towel. R.V. also alleged that on November 14, 2000, she and Self were in the TV room when Self had sex with her and then had her perform oral sex on him.

R.V. disclosed the two incidents to a friend. The friend relayed the information to R.V.'s mother, who called the police. R.V. underwent a rape kit examination at a local medical center. The examination did not produce evidence of semen or injury. The police obtained the blue towel, cut a carpet swatch from R.V.'s bedroom, and took her quilt from her bed. The blue towel tested negative for semen. The carpet swatch tested positive for semen, which did not match the genetic markers of Self. Tests performed on the quilt revealed blood matching R.V.'s blood type and semen that matched the genetic markers of Self.

The state charged Self with two counts of rape, I.C. § 18–6101, and one count of lewd and lascivious conduct with a minor, I.C. § 18–1508. Self was additionally charged with being a persistent violator based on four prior felony convictions. I.C. § 19–2514. Prior to trial, Self moved to introduce evidence, pursuant to I.R.E. 412, to show that R.V. made previous false allegations of sexual misconduct, that R.V. engaged in consensual sexual intercourse with at least one other male around the same time as Self allegedly raped her, that R.V. feared that she was pregnant by her boyfriend, that R.V. performed oral sex upon a male in the presence of a female friend, and that R.V. conversed with an adult confidant about her fear of being pregnant and the morning-after pill. The district court allowed the introduction of testimony regarding conversations between R.V. and a friend about her fear of being pregnant and testimony regarding the conversation between R.V. and the adult confidant. The district court excluded evidence as to R.V.'s prior sexual conduct, testimony that R.V. performed oral sex upon a male in the presence of others, and that R.V. made false accusations of sexual misconduct.

A jury found Self guilty of all counts. Self then admitted to being a persistent violator based on four felony offenses he was convicted of in 1994. Prior to sentencing, Self moved to withdraw his admission to the persistent violator enhancement. Self argued that, because he pled guilty to the four prior felonies on the same day and because sen-

tencing was imposed for the felonies on the same day, the convictions should have been considered as one. Self also argued that one of the felony convictions should have been considered a misdemeanor. The district court denied Self's motion to withdraw his admission, ruling that Self's prior felony convictions arose from four factually distinct events with four different victims and were correctly considered four separate felony convictions for purposes of the persistent violator enhancement. The district court sentenced Self to concurrent unified terms of twenty years, with minimum periods of confinement of seven years. Self appeals from the denial of his motion to withdraw his admission and on I.R.E. 412 evidentiary issues.

After being sentenced on the rape and lewd conduct charges, Self filed in his prior case a Rule 35 motion to correct an illegal sentence based on one of his 1994 felony convictions. The district court in the former case denied this motion, holding that it had previously found the underlying conviction to be valid and, therefore, the sentence was legal. Self also appeals this decision.

Self's appeal of evidentiary issues and the denial of his motion to withdraw his persistent violator admission, docket number 28080, was consolidated with his appeal of the denial of his Rule 35 motion, docket number 28089. Self makes three arguments on appeal. Self argues that the district court erred when it excluded testimony tending to show alternative sources of semen. Self also contends that the district court erred in denying his motion to withdraw his persistent violator admission because his four felonies should be treated as one conviction and because one of his felony convictions should have been a misdemeanor. Self additionally appeals from the denial of his Rule 35 motion in the earlier case.

## II.

## ANALYSIS

### A. Admission of I.R.E. 412 Evidence

█ Self argues that the district court erred when it excluded evidence pursuant to I.R.E. 412 of an alternate source of semen

and prior conduct explaining no finding of injury. Self additionally asserts that the district court should have allowed him to admit the evidence as alternate perpetrator evidence pursuant to his Sixth Amendment right to present a complete defense.

Self contends that R.V. engaged in sexual conduct with another individual during the relevant period and that semen can remain in the body for two or three days and then leak from the body onto surfaces. Self argues that the district court should have allowed a witness to testify to R.V.'s prior sexual conduct as alternate perpetrator evidence. In *State v. Larsen*, 91 Idaho 42, 415 P.2d 685 (1966), the Idaho Supreme Court held that evidence of an alternate perpetrator is admissible if there is a proof of connection with the crime, "such a train of facts or circumstances, as tend clearly to point out someone besides the accused as the guilty party." *Id.* at 47, 415 P.2d at 690. Self offers testimony that R.V. engaged in sexual intercourse with J.H. on a couch in R.V.'s house between 8:00 p.m. and 8:30 p.m. and that it was probable that afterwards R.V. went to her bedroom, laid down, and leaked semen onto her quilt. If admitted, this testimony may have established that someone other than Self had sex with R.V. around the relevant time period. However, that evidence would not exclude the possibility that Self also engaged in sexual intercourse with R.V. In order for Self's proffered evidence to connect J.H. as an alternate perpetrator, J.H.'s semen would have to test positive for the same genetic markers as Self's semen. There was no attempt to test the genetic markers of J.H. As such, Self's evidence is only that R.V. had sexual contact with another person. It does *not* show that R.V. did not also have sexual contact with Self. Thus, we conclude that Self's proffered evidence was not evidence of an "alternate perpetrator." Therefore, we address the admissibility of the evidence under Rule 412.

█ The decision whether to admit evidence at trial is generally within the province of the trial court. A trial court's determination as to the admission of evidence at trial will only be reversed where there has been

an abuse of that discretion. *State v. Zimmerman*, 121 Idaho 971, 973–74, 829 P.2d 861, 863–64 (1992). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Idaho Rule of Evidence 412, applicable to sex crime cases, states in pertinent part:

> (b) Notwithstanding any other provision of law, in a criminal case in which a person is accused of a sex crime, evidence of a victim's past sexual behavior other than reputation or opinion evidence is also not admissible, unless such evidence other than reputation or opinion evidence is—
>
> . . . .
>
> (2) admitted in accordance with subdivision (c) and is evidence of—
>
> (A) past sexual behavior with persons other than the accused, offered by the accused upon the issue of whether the accused was or was not, with respect to the alleged victim, the source of semen or injury. . . .

Subdivision (c) of Rule 412 sets forth certain notice requirements that must be met by a party requesting to admit evidence of an alleged victim's past sexual behavior. Additionally, subdivision (c)(3) provides that if the evidence is relevant and the probative value of such evidence outweighs the danger of unfair prejudice, such evidence shall be admissible at trial.

▇▇▇ This Court recognizes that a defendant's Sixth Amendment right to present a defense may be limited by Rule 412. A defendant has no right to present irrelevant evidence and even if evidence is relevant, it may be excluded in certain cases. *See State v. Peite*, 122 Idaho 809, 814, 839 P.2d 1223, 1228 (Ct.App.1992). In *Peite*, this Court looked to two United States Supreme Court

cases and acknowledged that a state has a legitimate interest in protecting rape victims against unwarranted invasions of privacy and harassment regarding their sexual conduct. *See Michigan v. Lucas*, 500 U.S. 145, 111 S.Ct. 1743, 114 L.Ed.2d 205 (1991); *Delaware v. VanArsdall*, 475 U.S. 673, 679, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674, 683 (1986). Also, "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on . . . cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *VanArsdall*, 475 U.S. at 679, 106 S.Ct. at 1435, 89 L.Ed.2d at 683.

▇▇▇ Based on these Supreme Court cases, this Court set forth a two-part inquiry to determine whether a defendant's Sixth Amendment rights were violated. *See Peite*, 122 Idaho at 814, 839 P.2d at 1228. First, the trial court must consider whether the evidence proffered is relevant. If it is not relevant, the defendant has no constitutional right to present it. If the evidence is relevant, the trial court must ask whether other legitimate interests outweigh the defendant's interest in presenting the evidence. This Court concluded in *Peite* that, because the trial courts have such broad discretion to determine whether prejudicial effect or other concerns outweigh the probative value of the evidence, a defendant's Sixth Amendment right will only be violated if this Court concludes that the trial court abused its discretion. *Id.* at 815, 839 P.2d at 1229.

This Court applied Rule 412 in *State v. MacDonald*, 131 Idaho 367, 956 P.2d 1314 (Ct.App.1998). In *MacDonald*, this Court held that the district court did not err when it excluded evidence of a prior allegation of sex abuse made by the victim. MacDonald argued that a prior allegation made by the victim was relevant to the victim's credibility and that the district court should have considered the effect excluding the evidence would have on his confrontation rights. The district court found that even if the prior allegation was relevant, it would still be inadmissible because it was so highly prejudicial that it would not be helpful to the jury, but

would be confusing and would have a tendency to ignite the jury, to make it do things it would not normally do because of its high prejudice. This Court concluded that evidence of a prior allegation of sexual abuse may be admissible if it is relevant, if it falls within the scope of Rule 412, and if the probative value of the evidence outweighs the danger of unfair prejudice.

In his case, Self offered testimony about R.V.'s sexual conduct with individuals other than Self to explain R.V.'s lack of injury and the presence of semen stains found on the carpet swatch and quilt. Self proffered this evidence under Rule 412(b)(2) to show that Self was not the source of semen or injury. When it ruled on the evidence, the district court recognized its responsibility to balance Rule 412 and its accompanying policies against Self's fundamental right to a fair trial and to present a defense. The district court acknowledged that Self met the requirements set forth in Rule 412(c) to provide advance notice of its intent to present evidence of past sexual behavior. The district court set forth relevant law and analyzed whether evidence of an alternate source of semen was admissible.

Although the district court did not clearly articulate its reasoning, it excluded the evidence Self proffered regarding J.H. as an alternate source of semen. The district court stated:

> Certainly if there were bodily fluid stains that were on her blanket anywhere from the time she acquired that until the time it was seized by the officers, the defense may be able to make a case for the admissibility of some sexual behavior that can contribute to these stains. This has to be a showing the defense has to make.
>
> There was an evaluation, and I think the state's point is well taken. I think scrutiny under this rule is strong enough that the court is not satisfied that evidence of any semen deposited, I don't think the court can draw the conclusion from this particular incident that [J.H.'s] younger brother observed or there were general statements back in October to one of her friends that that can simply correlate to a semen deposit with the victim that could

end up on her blanket without some further medical or scientific evidence that can establish that such correlation was there. I think conceivably if she had sex and shortly thereafter had gone up to her bedroom and laid on her blanket, if that is the concrete evidence in front of the court, then I think we might be balancing a relevancy showing.

The evidence before the district court was the results of a test performed on R.V.'s quilt, which tested positive for semen that matched Self's genetic markers, testimony that R.V. and J.H. were laying on a couch together without wearing clothing on the lower half of their bodies, and testimony that R.V. made statements to others regarding her prior sexual conduct. However, there was no attempt to test the genetic markers of J.H. to determine if it matched the semen found on R.V.'s quilt. The district court recognized that evidence of an accuser's past sexual conduct may be relevant, but found that the proffered testimony that R.V. and J.H. were possibly engaging in sexual intercourse on a couch in R.V.'s house was not relevant to the results of the test preformed on R.V.'s quilt. The district court also determined that the probative value of R.V.'s prior sexual conduct did not outweigh its prejudicial effect.

When ruling on Self's motion to admit evidence, the district court acknowledged Self's Sixth Amendment right and balanced this right against the rules of evidence. Thus, the district court properly perceived the issue as one of discretion. The district court acted within the boundaries of its discretion and acted consistently with Rule 412 when it refused to admit this testimony regarding the conduct between R.V. and J.H. Moreover, the district court did not preclude Self from arguing that J.H. was an alternate source of semen. In closing, counsel for Self not only stated that R.V. feared she could be pregnant by J.H. as disclosed through the testimony of the adult confidant, but also that it was a reasonable inference that R.V. had engaged in sexual relations with J.H. Based upon the evidence and argument that the district court did allow to be presented to the jury, we conclude that the district court

did not abuse its discretion in excluding testimony regarding evidence of fourteen-year-old R.V.'s prior sexual conduct pursuant to I.R.E. 412 and did not violate Self's Sixth Amendment rights.

## B. Motion to Withdraw an Admission

■ Self argues that the district court erred in denying his motion to withdraw his admission to the persistent violator enhancement. Self moved to withdraw his admission on two grounds. First, Self asserted that because the four felonies used to establish his eligibility for the persistent violator enhancement were all entered on the same day, they should only count as one conviction. Second, Self contended that his 1994 felony charge of battery on a jailer was improperly charged as a felony rather than a misdemeanor battery. In addressing Self's first ground, the district court ruled that the four prior felonies were separate offenses occurring on separate dates with separate victims and, thus, it properly considered them individual felony convictions. The district court did not address Self's second ground for withdrawing his motion—whether the battery on a jailer conviction should have been a misdemeanor.[1]

The persistent violator statute, I.C. § 19-2514, provides:

> Any person convicted for the third time of the commission of a felony, whether the previous convictions were had within the state of Idaho or were had outside the state of Idaho, shall be considered a persistent violator of law, and on such third conviction shall be sentenced to a term in the custody of the state board of correction which term shall be for not less than five (5) years and said term may extend to life.

■ Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct.App.1986). Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Id.*

### 1. Number of Felony Convictions

Self asserts that the district court should have considered his 1994 felonies as one conviction for purposes of the persistent violator statute. In *State v. Brandt*, 110 Idaho 341, 715 P.2d 1011 (Ct.App.1986), this Court adopted a general rule that prohibits multiple convictions entered on the same day or charged in the same information to be used to establish a defendant's status as a habitual offender. This Court, however, qualified the rule, holding that the "nature of the convictions in any situation must be examined to make certain that the general rule is appropriate." *Id.* at 344, 715 P.2d at 1014. In *Brandt*, this Court concluded that because Brandt's three previous convictions had been charged in separate informations and each charge was for a separate crime committed in a separate location against a separate victim, the circumstances took Brandt out of the general rule. This Court issued similar holdings in *State v. Smith*, 116 Idaho 553, 777 P.2d 1226 (Ct.App.1989) and *State v. Mace*, 133 Idaho 903, 994 P.2d 1066 (Ct.App.2000). In *Smith*, this Court held that the defendant did not fit within the general rule because his convictions were for separate crimes committed on different victims in different counties. In *Mace*, this Court refused to overrule the general rule established in *Brandt* and held that, because the defendant's two prior felony convictions were unrelated crimes, were charged in separate informations and were committed on different dates in different counties, they did not qualify for treatment as a single conviction. This Court reached that conclusion in *Mace* even though the sentencing on these crimes occurred in one hearing before the same judge and the judgments of conviction were entered on the same day.

In the present case, Self had four previous felony convictions, including two convictions for grand theft, one conviction for burglary, and one conviction for battery on a jailer.

---

1. Self acknowledges that a different district court addressed this issue when it ruled on Self's Rule 35 motion.

Self's four felonies were committed on four separate dates against four different victims. Self committed grand theft on July 8, 1993; burglary on October 10, 1993; grand theft again on November 27, 1993; and battery on a jailer on May 24, 1994. All four of the felonies involved four different victims and were charged in separate informations as separate criminal actions.

Despite the resemblances of Self's facts to those in the above case law, Self contends that he should have been given the opportunity to rehabilitate himself before being deemed a habitual offender. This Court disagrees. The circumstances in Self's case fall directly in line with the facts in *Brandt*, *Smith*, and *Mace*. Although the cases appear to have been consolidated for sentencing and, therefore, the convictions were entered on the same day, the district court correctly treated Self's prior felonies as multiple convictions. Accordingly, we conclude that the district court did not err in denying Self's motion to withdraw his plea on the issue of whether his felonies should be considered one conviction for purposes of the persistent violator statute.

## 2. Battery of a Jailer Charge as a Felony

Self additionally argues that, because the district court failed to address the issue of whether battery on a jailer was wrongly charged, this Court should remand the case. The state argues that Self's argument fails because the district court did address the issue when it ruled on Self's subsequent Rule 35 motion and that, even if Self's argument succeeded, he was still validly convicted of three felonies which placed him within the category of a persistent violator for purposes of the enhancement. We agree. In ruling on the motion to withdraw Self's guilty plea, the district court addressed case law presented by both parties, explained its reasoning, and described how it reached the ultimate decision to deny the motion. Although the district court did not address the issue of whether the battery on a jailer charge should have been a misdemeanor battery, another district court addressed the issue thoroughly when it denied Self's Rule 35 motion. Self

has not shown any error in this district court's ruling.

## C. Rule 35 Motion

Self asserts that the district court, which originally entered judgment in 1994, erred in dismissing his Rule 35 motion in 2000. Self argues that the underlying sentence for the battery on a jailer was charged as a felony rather than a misdemeanor and, thus, the sentence was illegal and should be vacated. Self contends that he does not challenge the underlying conviction but rather argues that the sentence is illegal because it exceeds the maximum sentence authorized for a misdemeanor offense.

Pursuant to Rule 35, the district court may correct an illegal sentence at any time. In an appeal from the denial of a motion under Rule 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct.App.1993); *State v. Rodriguez*, 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct.App.1991).

On review, we conclude that Self's challenge was an attempt to collaterally attack the underlying conviction and was beyond the scope of a Rule 35 motion. *See Hill v. United States*, 368 U.S. 424, 430, 82 S.Ct. 468, 472, 7 L.Ed.2d 417, 422 (1962); *Housley v. State*, 119 Idaho 885, 889, 811 P.2d 495, 499 (Ct.App.1991). Therefore, the district court did not err in dismissing Self's Rule 35 motion.

## III.

## CONCLUSION

We hold that the district court did not abuse its discretion in excluding evidence of an alternative source of semen pursuant to I.R.E. 412. The proffered evidence was not more probative than prejudicial, and the district court's ruling furthers the state's legitimate interest in protecting rape victims from unwarranted invasions of privacy and harassment about their past sexual conduct. Additionally, because Self was convicted of four

separate felonies, the district court properly denied Self's motion to withdraw his admission to the persistent violator enhancement. Self's challenge of the sentence imposed in 1994 pursuant to Rule 35 is an attempt to collaterally attack his conviction for battery on a jailer and, thus, the other district court did not err in denying the motion. Self's judgments of conviction and the district court's order denying his Rule 35 motion are affirmed.

Judge GUTIERREZ and Judge Pro Tem SCHWARTZMAN concur.