**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51262**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 14, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| WAYNE ALLEN BAUER, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment of conviction and sentence, affirmed.

Silvey Law Office Ltd; Greg S. Silvey, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

GRATTON, Chief Judge

Wayne Allen Bauer appeals from his judgment of conviction for domestic violence with traumatic injury. Bauer claims the district court erred by: (1) excluding evidence of the victim's prior bad acts; (2) overruling Bauer's hearsay objection to the emergency room physician's testimony; and (3) by allowing the prosecution to impeach Bauer's claim of having a peaceful character. Bauer also argues that the doctrine of cumulative error applies. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Bauer was charged with attempted strangulation, Idaho Code § 18-923, and domestic violence with traumatic injury, I.C. §§ 18-918(2) and 18-903(a), after an altercation with his girlfriend. Prior to trial, the State filed a motion in limine, seeking to exclude photographs offered by the defense showing bruising on various parts of Bauer's body which Bauer contended the victim caused sometime prior to the altercation in question. The State argued that the evidence of

1

prior bad acts by the victim were not relevant, were prejudicial, and improper character evidence under Idaho Rule of Evidence 404. Bauer argued that the photographs were relevant and proper character evidence which would tend to show the victim's character trait for violence, and that refusal to admit the evidence would impact Bauer's constitutional right to present a defense.

The district court ruled that the victim's alleged character trait for violence is relevant if the evidence substantiates the claim that Bauer was acting in self-defense. However, the court also noted that the manner in which the evidence may be offered is limited by I.R.E. 405 and ruled that Bauer may not offer specific instances of the victim's violence because such evidence is not relevant to prove an essential element of self-defense. The court then provisionally excluded Bauer's evidence of prior acts of violence by the victim and allowed the defense to request permission to address such acts evidence later in the trial. In the motion in limine, the State also sought to exclude evidence of a misdemeanor, to which the victim had pled guilty years prior, as proof of the victim's character under I.R.E. 609. The court ruled that evidence of the victim's misdemeanor conviction was also inadmissible as improper character evidence under I.R.E. 404 as well as improper impeachment evidence under I.R.E. 609.

During trial, evidence showed that Bauer called 911 on the night of the altercation and the victim was heard in the background on the recording of the call. According to the victim's testimony, she and Bauer began fighting after she hid Bauer's alcohol and after he found it, she told Bauer she wanted to go home. The victim testified that Bauer pushed her down the hallway, grabbed her arm, took her into the bedroom, and tried to strangle her. On cross-examination, defense counsel requested permission to question the victim about a prior incident in which she called emergency medical services and went to the emergency room with "excessive alcohol problems." The district court ruled that the evidence was inadmissible because it was irrelevant and improper character evidence.

The State also elicited testimony from the emergency room physician ("ER physician") who treated the victim on the night of the altercation. The ER physician testified that the tests administered to the victim showed she had traumatic injuries to her neck. When the ER physician mentioned that he called a specialist for treatment recommendations, defense counsel objected on the grounds of hearsay. The court overruled the objection, and the ER physician testified that he prescribed various treatments based on the recommendations received from the specialist and that the victim should have a follow-up appointment with the specialist later that week.

2

Bauer testified in his own defense and stated the victim became upset with him when he refused to go to bed, at which point she punched and pinched him. Bauer then told her to leave, the victim shoved him, and Bauer shoved her back, telling her not to touch him again. At that point, Bauer claims she punched him, and he then called 911. Defense counsel sought to admit the photographs of Bauer, showing bruising on his body which the State had previously moved in limine to exclude. The State again objected pursuant to the court's prior ruling that the evidence was irrelevant and improper character evidence. The court allowed admission of the photographs so Bauer could testify that the injuries depicted in the photographs were inflicted by the victim on the night of the altercation, not before, and were relevant to his self-defense claim. On cross-examination, the State pointed to inconsistencies between Bauer's current trial testimony and his statements to law enforcement regarding the source and timing of the injuries. Bauer claimed that he had lied to the police about the injuries because he did not want to get the victim into trouble.

The prosecutor then asked if Bauer was "mad at [the victim]" during the altercation. Bauer stated: "No. I don't get mad. I have a pretty calm temper to be honest with you . . . . I'm a pretty relaxed person." The State then requested permission to inquire into Bauer's prior conduct, specifically that he told "the law enforcement officers that he has a bad reputation when it comes to women and gives specifics about two prior relationships" to refute Bauer's testimony that "he doesn't get mad, and that he's a pretty relaxed person." Bauer objected and argued that the State opened its own door to such evidence and that the evidence was irrelevant and prejudicial under I.R.E. 403. The district court ruled the State properly asked whether Bauer was "mad" and that Bauer had volunteered the information that he was a "calm" and "relaxed" person, which the State could properly impeach with other incidents in Bauer's past. Bauer later testified he had a previous domestic battery incident, and that he had a "bad rep."

The district court declared a hung jury on the attempted strangulation charge and the jury returned a guilty verdict on the domestic violence with a traumatic injury charge. Bauer appeals.

## II.

## STANDARD OF REVIEW

The trial court's broad discretion in admitting evidence will only be disturbed on appeal when there has been a clear abuse of discretion. *State v. Ehrlick*, 158 Idaho 900, 923, 354 P.3d 462, 485 (2015). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived

3

the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018). We review questions of relevance de novo. *State v. Jones*, 167 Idaho 353, 358, 470 P.3d 1162, 1167 (2020); *State v. Aguilar*, 154 Idaho 201, 203, 296 P.3d 407, 409 (Ct. App. 2012).

## III.

## ANALYSIS

Bauer claims the district court erred by: (1) excluding evidence of the victim's prior bad acts; (2) overruling Bauer's hearsay objection to the ER physician's testimony; and (3) allowing the State to impeach Bauer's claim that he has a peaceful character. Bauer also claims the doctrine of cumulative error applies.

### A.    Evidence of Victim's Character

Bauer argues the district court abused its discretion when it excluded evidence of the victim's prior acts and ruled that Bauer may only show the victim's character trait for violence through reputation and opinion evidence under I.R.E. 405. Specifically, Bauer asserts that the evidence of the victim's prior acts would have shown her character for violence, and therefore, that she was the initial aggressor on the night in question. The State argues that the evidence offered by Bauer was irrelevant to prove his claim of self-defense and prejudicial under I.R.E. 403.

Idaho Rule of Evidence 404(a) generally prohibits evidence of a person's character trait to be admitted for the purpose of showing that on a particular occasion the person acted in conformance to that character trait. The rule allows the defendant to introduce evidence of the victim's pertinent character trait if it is relevant, and the State can offer evidence to rebut it. I.R.E. 404(a)(2)(B). Idaho Rule of Evidence 405(a) allows evidence of a person's character trait to be proved by testimony about the person's reputation or through opinion testimony. However, I.R.E. 405(b) only allows evidence of specific instances of conduct to be admitted where the person's character trait is an essential element of the charge, crime, or defense. As relevant here, evidence of a victim's character for violence, standing alone, does not prove an element of a claim of self-defense, nor does it prove that the victim was the initial aggressor in a particular conflict. *See State v. Custodio*, 136 Idaho 197, 204, 30 P.3d 975, 982 (Ct. App. 2001); *see also Rodriquez v. State*, 171 Idaho 634, 649, 524 P.3d 913, 928 (2023) ("Admitting evidence of a prior altercation

4

to show that [the victim] has a propensity for violence is exactly the type of inference we do *not* permit juries to hear.").

First, Bauer attempted to introduce evidence of an incident in which the victim called emergency medical services and was taken to the hospital for "excessive alcohol problems." Bauer's argument for admitting this prior incident was to show that the victim had self-reported physical conditions related to the problems with alcohol, which would be an alternative explanation for the injuries shown on the night of the altercation. The victim has also pled guilty to misdemeanor battery in the past, which Bauer sought to introduce for the purpose of proving the victim's character for violence. Bauer argued both the prior incident with emergency medical services and the misdemeanor conviction were necessary for his ability to present a defense and that it was admissible as proper character evidence under I.R.E. 404(a) and 404(b). The district court ruled that evidence of the victim's drunkenness and physical condition on prior occasions was not relevant and did not allow Bauer to inquire into such evidence. Further, the district court ruled that the misdemeanor was not admissible because it did not satisfy I.R.E. 609 for impeachment purposes, which requires the past crime to be a felony. Bauer has shown no error in the district court's refusal to allow this evidence.

Second, Bauer's counsel initially argued that the photographs of Bauer depicting bruises on his body were admissible to show that the victim had battered Bauer days prior to the altercation. However, during Bauer's testimony at trial, Bauer claimed the bruising was inflicted by the victim on the night of the altercation. Based on his testimony, the district court allowed the admission of the photographs. Bauer does not cite any specific evidence which was excluded that would support his claims. The photographs showing the bruises on Bauer's body were admitted and Bauer was cross-examined on those photographs. Bauer has shown no error in regard to this evidence.

Bauer acknowledges the holding in *Custodio*[1] that evidence of a victim's character for violence, standing alone, does not prove an element of self-defense, nor does it prove that the victim was the initial aggressor in a particular conflict. *Custodio*, 136 Idaho at 204, 30 P.3d at 982. Nonetheless, Bauer argues that the "rigid rule disallowing specific act evidence of the victim" is unnecessary in a battery case, as opposed to a homicide case, because "there is no danger that

---

[1]     As well as *State v. Dallas*, 109 Idaho 670, 710 P.2d 580 (1985) and *State v. Godwin*, 164 Idaho 903, 436 P.3d 1252 (2019).

5

the defendant will literally get away with murder." Bauer asserts that *Custodio*, et al., are murder cases and the rule should not apply in non-murder cases. Bauer fails to cite any authority in support of this argument and has therefore waived this issue on appeal. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). The district court did not err in its rulings regarding the victim's character.

**B.      Hearsay Objection**

Bauer argues that the district court abused its discretion when it overruled his hearsay objection to a portion of the ER physician's testimony. Hearsay is defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. I.R.E. 801(c); *State v. Gomez*, 126 Idaho 700, 704, 889 P.2d 729, 733 (Ct. App. 1994). Hearsay is inadmissible unless otherwise provided by an exception in the Idaho Rules of Evidence or other rules of the Idaho Supreme Court. I.R.E. 802.

During direct examination, the ER physician testified he had received recommendations from a specialist and defense counsel objected on the basis of hearsay. The following exchange occurred:

PROSECUTION:      And did you recommend and/or are you aware of whether Ms. Riley consulted with a specialist as a result of this?

PHYSICIAN:      I called one of our--it's called a neurointerventional physician, [the specialist]. I spoke to him via phone immediately about having those results. I got recommendations for him for treatment.

DEFENSE:      Judge, this is blatant hearsay and foundation.

THE COURT:      Overruled.

PROSECUTION:      You can answer.

PHYSICIAN:      I spoke with [the specialist] about his recommendations after he reviewed the imaging and her chief complaint with me that evening.

PROSECUTION:      And did you provide Ms. Riley with any follow-up requirements based upon all of this?

PHYSICIAN:      I did. She was supposed to wear a C-collar, an Aspen collar, and specifically follow up with a neurointerventional clinic later that week, start on a full dose of aspirin to prevent clot formation or stroke, and return precautions for any changes in her neurostatus, stroke symptoms in particular.

The ER physician never testified to an out-of-court statement by the specialist. Rather, the testimony above simply demonstrates that the ER physician called the specialist and received recommendations for treatment. At no point does the ER physician testify to what the specialist

6

said or what the ER physician said to the specialist. Thus, there was no hearsay within the ER physician's testimony and the district court properly overruled the objection. Bauer has failed to show the district court abused its discretion.[2]

## C.     Impeachment

Bauer argues that the State was improperly allowed to impeach Bauer's testimony that he has a peaceable character by introducing specific prior acts through statements that Bauer made to law enforcement. The State argues that the district court did not abuse its discretion by allowing the State to inquire into such statements because the evidence was proper impeachment of Bauer's own testimony.

Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. I.R.E. 404(b)(1). Such evidence may be admissible for another purpose, other than proving propensity. I.R.E. 404(b)(2). If evidence of a prior bad act is relevant to a non-propensity purpose, the trial court "must conduct a balancing test under Rule 403 and determine whether the danger of unfair prejudice substantially outweighs the probative value of the evidence." *State v. Anderson*, 168 Idaho 758, 768, 487 P.3d 350, 360 (2021). This Court has recognized that "other-act evidence may be admissible for the purpose of impeachment." *State v. Kimbley*, 173 Idaho 149, 159, 539 P.3d 969, 979 (2023). A defendant may open the door to Rule 404(b) evidence by putting matters covered by Rule 404(b) at issue. *See*, *e.g.*, *State v. Cardell*, 132 Idaho 217, 220, 970 P.2d 10, 13 (1998); *State v. Gardiner*, 127 Idaho 156, 162, 898 P.2d 615, 621 (Ct. App. 1995).

During cross-examination, the prosecutor asked Bauer if he was "mad" at the victim during the altercation. Bauer answered in the negative and then testified to his peaceable character: "I don't get mad. I have a pretty calm temper to be honest with you." The prosecutor repeated a portion of the answer in the form of a question, "You don't get mad?" and Bauer testified he is "a pretty relaxed person." During a sidebar conversation, the prosecutor asked to go into Bauer's statements to law enforcement on the night of the altercation. Defense counsel objected on the

---

[2]     Additionally, Bauer argues that the ER physician's testimony was improper under Idaho Rules of Evidence 803(23) and 904. However, trial counsel never objected on these grounds and Bauer fails to cite any authority in support of this argument. Therefore, this issue was not preserved for appeal, and even if it were, it has been waived. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992).

grounds that those statements were irrelevant, prejudicial, and improper character evidence because the State had opened its own door. The district court ruled that simply asking if Bauer was "mad" during the altercation was not a way for the State to open the door into character evidence. The district court allowed the prosecution to impeach Bauer's claims to peaceable character by cross-examining Bauer, that on the night in question, he admitted to having a "bad rep," to having been "physical" with prior girlfriends, and that he "had a domestic [battery] before" in which he had "left a mark" on a girlfriend.

The district court did not abuse its discretion by allowing the State to inquire about Bauer's statements to law enforcement. Bauer's testimony that he has a "calm temper" and is a "pretty relaxed person" was information Bauer volunteered to bolster his assertion that he does not get mad. Bauer put his peaceable character at issue and the State was properly allowed to impeach Bauer's testimony by inquiring into his statements to law enforcement about his "bad rep" and prior altercations with his girlfriends. This issue here is similar to *State v. Mace*, 133 Idaho 903, 994 P.2d 1066 (Ct. App. 2000), in which the defendant, accused of driving under the influence ("DUI"), took the stand and testified, "I don't drink and drive." *Id*. at 904, 994 P.2d at 1067. To impeach that testimony, the State was allowed to present evidence of a prior DUI. *Id*. at 904-05, 994 P.2d at 1067-68. Admission of the evidence was proper because "the State was not introducing the evidence to show that Mace had a propensity to drink and drive, but to impeach his own prior statement." *Id*. at 906, 994 P.2d at 1069. The State's inquiry into Bauer's statements regarding his prior acts was proper impeachment of his testimony regarding his peaceable character.[3]

## D. Cumulative Error

Bauer also contends that the cumulative error doctrine applies, necessitating a reversal of his conviction. Under the doctrine of cumulative error, a series of errors, harmless in and of themselves, may in the aggregate show the absence of a fair trial. *State v. Adamcik*, 152 Idaho 445, 483, 272 P.3d 417, 455 (2012). However, a necessary predicate to the application of the doctrine is a finding of more than one error. *Id*. Bauer has failed to demonstrate any error below and thus, there is no cumulative error.

---

[3] Bauer also argues that the State's inquiry was improper because I.R.E. 405 limited the State to only eliciting reputation or opinion testimony and did not allow specific acts. Bauer also argues that the State failed to provide notice of this line of questioning as required under I.R.E. 404(b)(2). However, Bauer did not object on either of these grounds and therefore, neither argument has been preserved for appeal. *State v. Gonzalez*, 165 Idaho 95, 99, 439 P.3d 1267, 1271 (2019).

**IV.**

**CONCLUSION**

Baur has failed to show the district court abused its discretion in its evidentiary rulings. Therefore, Bauer's judgment of conviction and sentence are affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.