Judge GRATTON,
specially concurring.
I concur in Sections II.B, C, and D, and write specially concurring in Section II.A of the majority opinion.
A. Applicability of Idaho Rule of Evidence 412
The majority acknowledges that the “scores of opinions” of courts from other jurisdictions analyzing evidence of prior sexual knowledge do so under state rape shield laws, “similar to our I.R.E. 412.”[1] However, the majority finds a distinction with those cases because “nearly all” deal with evidence of prior molestation of the child victim, “rather than evidence of the child’s exposure to adult sexual activity, which is at issue here.” The majority declines to apply factors considered by courts in prior abuse cases, in part, because “the evidence proffered by Molen was not evidence of a prior molestation of the child.” Thus, it seems that the majority would apply Rule 412 to evidence proffered to demonstrate sexual knowledge of the child gained from prior molestation.[2] The majority does not take the opportunity to address the applicability of Rule 412 to evidence of a “child’s exposure to adult sexual activity.”[3] I am convinced that I.R.E. 412 is applicable and, even if not applicable by its terms, both its procedure and spirit[4] should guide the analysis of the evidence at issue.
Rule 412 provides, in part, that “in a criminal case in which a person is accused of a sex crime, evidence of a victim’s past sexual behavior other than reputation or opinion evidence is also not admissible.” I.R.E. 412(b). “For purposes of this rule, the term ‘past sexual behavior’ means sexual behavior other than the sexual behavior with respect to which the sex crime is alleged.” I.R.E. 412(d). As the majority states: “Rape shield laws are rules of exclusion of evidence of a victim’s sexual behavior, adopted in large part to protect victims and prevent use of evidence of a victim’s past sexual behavior for improper and irrelevant purposes.” The only distinction which I can perceive in this case from those referenced by the majority from other jurisdictions is whether or not the alleged evidence constitutes “behavior” for *963 purposes of application of the statute. I believe it does.
Molen asserted, in a memorandum in support of his motion in limine, that he wished to call witnesses at trial to testify that S.Z.’s mother had exposed her to a “constant, graphic, sexually charged lifestyle for her entire life, including openly having sex with multiple partners with [S.Z.] in the home, openly discussing and showing sex toys and pornography in front of [S.Z.], and openly disrobing in front of other family members in the presence of [S.Z.], etc.” Molen asserted that this alleged evidence would demonstrate S.Z.’s “knowledge of sexual matters.” Assuming S.Z. watched and appreciated the nature of this sexual activity, including pornography, occurring around her, as alleged, such conduct would equate to “behavior” for purposes of Rule 412. As noted, the majority of courts apply rape shield laws to prior abuse, and, thus participation or action on the part of the child is not a required element of the definition of conduct or behavior. In addition, the definition of behavior does not likely require a physical participation element for, if so, a child’s watching of pornography or engaging in voyeurism would, curiously, not be considered behavior. At bottom, while S.Z.’s alleged participation was passive, her behavior, that is, allegedly observing, understanding, and later verbalizing sexual acts, is the essential evidence sought to be introduced by Molen. Consequently, Rule 412 should be applied.
Additionally, Rule 412 provides the following specific procedure:
(c)(1) If the person accused of committing a sex crime intends to offer under subdivision (b) evidence of specific instances of the alleged victim’s past sexual behavior, the accused shall make a written motion to offer such evidence not later than five days before the date on which the trial in which such evidence is to be offered is scheduled to begin, except that the court may allow the motion to be made at a later date, including during trial, if the court determines either that the evidence is newly discovered and could not have been obtained earlier through the exercise of due diligence or that the issue to which such evidence relates has newly arisen in the case. Any motion made under this paragraph shall be served on all other parties.
(2) The motion described in paragraph (1) shall be accompanied by a written offer of proof. If the court determines that the offer of proof contains evidence described in subdivision (b), the court shall order a hearing in chambers to determine if such evidence is admissible. At such hearing the parties may call witnesses, including the alleged victim, and offer relevant evidence. Notwithstanding subdivision (b) of Rule 104, if the relevancy of the evidence which the accused seeks to offer in the trial depends upon the fulfillment of a condition of fact, the court, at the hearing in chambers or at a subsequent hearing in chambers scheduled for such purpose, shall accept evidence on the issue of whether such condition of fact is fulfilled and shall determine such issue.
(3) If the court determines on the basis of the hearing described in paragraph (2) that the evidence which the accused seeks to offer is relevant and that the probative value of such evidence outweighs the danger of unfair prejudice, such evidence shall be admissible in the trial to the extent an order made by the court specifies evidence which may be offered and areas with respect to which the alleged victim may be examined or cross-examined.
Regardless of whether Rule 412 applies by its terms to activity of the nature alleged, I would require satisfaction of the procedure described in the rule. I find nothing in these circumstances which calls for less and, indeed, as will be outlined more fully below, because I see this situation as problematic, these procedural protections and dictates are even more compelled.
It is important to determine whether Rule 412 applies in this situation in order to identify the proper structural analysis for the proposed evidence. The majority states that “we are dealing only with a normal relevance analysis.” Relevance is a rule of inclusion under I.R.E. 401, and as the majority notes, Rule 412 is a rule of exclusion. Thus, the structure, focus, and outcome of the analysis *964 are affected by whether Rule 412 has application, although the evidence may still be admissible under Rule 412. Recently, the Idaho Supreme Court stated:
I.R.E. 412 applies to sex crimes and dictates the test for whether a victim’s past sexual behavior is relevant and whether that evidence should be admissible. That is, if the evidence is deemed relevant pursuant to I.R.E. 412(b), a different standard than relevance pursuant to I.R.E. 401, then it will be admissible if “the probative value of such evidence outweighs the danger of unfair prejudice.” I.R.E. 412(e)(3).
State v. Meister, 148 Idaho 236, 240, n. 6, 220 P.3d 1055, 1059, n. 6 (2009). Thus, whether I.R.E. 412 applies is a crucial issue, as it affects the relevance and balancing analysis. Moreover, I would hold that the substance and procedure of I.R.E. 412 apply to the circumstances of this case even if it does not apply by its terms.
B. Relevance
The relevance analysis should be through the Rule 412 standard. Rule 412 provides:
(a) Notwithstanding any other provision of law, in a criminal case in which a person is accused of a sex crime, reputation or opinion evidence of the past sexual behavior of an alleged victim of such sex crime is not admissible.
(b) Notwithstanding any other provision of law, in a criminal case in which a person is accused of a sex crime, evidence of a victim’s past sexual behavior other than reputation or opinion evidence is also not admissible, unless such evidence other than reputation or opinion evidence is—
(1) admitted in accordance with subdivisions (c)(1) and (c)(2) and is constitutionally required to be admitted; or
(2) admitted in accordance with subdivision (c) and is evidence of—
(A) past sexual behavior with persons other than the accused, offered by the accused upon the issue of whether the accused was or was not, with respect to the alleged victim, the source of semen or injury; or
(B) past sexual behavior with the accused and is offered by the accused upon the issue of whether the alleged victim consented to the sexual behavior with respect to which the sex crime is alleged; or
(C) false allegations of sex crimes made at an earlier time; or
(D) sexual behavior with parties other than the accused which occurred at the time of the event giving rise to the sex crime charged.
None of the exceptions in I.R.E. 412(b)(2) apply. Therefore, to the extent this evidence falls within Rule 412, its admission is dependent upon subsection (b)(1) and must be constitutionally required.
Molen argues that exclusion of the evidence violates his right to present a defense. The United States Constitution guarantees criminal defendants “a meaningful opportunity to present a complete defense.” California v. Trombetta, 467 U.S. 479, 485, 104 S.Ct. 2528, 2532, 81 L.Ed.2d 413, 419 (1984). Rule 412(b)(2) apparently codifies certain types of exceptions which perhaps would be constitutionally required. Rule 412(b)(1) provides for a case-by-case analysis. This Court has said that “the admission of evidence of an alleged victim’s past sexual behavior is constitutionally required only in extraordinary circumstances.” State v. Peite, 122 Idaho 809, 815, 839 P.2d 1223, 1229 (Ct.App.1992) (citing Doe v. United States, 666 F.2d 43, 47-48 (4th Cir.1981); State v. Williams, 21 Ohio St.3d 33, 487 N.E.2d 560 (1986); People v. Hackett, 421 Mich. 338, 365 N.W.2d 120, 128 (1984)). In Meister, the Supreme Court stated:
... The Rules of Evidence embody the balancing test which safeguards a defendant’s constitutional right to present a defense along with protection of the state’s interest in the integrity of the criminal trial process. For instance, I.R.E. 412 employs a two-part test to evaluate whether a defendant’s Sixth Amendment right to a defense is violated in light of I.R.E. 412. State v. Self, 139 Idaho 718, 722, 85 P.3d 1117, 1121 (Ct.App.2003). “First, the trial court must consider whether the evidence proffered is relevant. If it is not relevant, the defendant has no constitutional right to *965 present it. If the evidence is relevant, the trial court must ask whether other legitimate interests outweigh the defendant’s interest in presenting the evidence.” Id. Due to the highly sensitive nature of sex crimes in general, this standard has been found to effectively balance the state’s interest in protecting victims of sex crimes from disclosing their past sexual behavior except in limited circumstances and the defendant’s interest in presenting a defense for the crimes of which s/he is accused.
Meister, 148 Idaho at 240-41, 220 P.3d at 1059-60 (footnote omitted). As noted, the Meister Court indicated that I.R.E. 412 presents a different relevance standard from the I.R.E. 401 standard. Under Rule 412, a rule of exclusion, the evidence is excluded unless the court is convinced to admit it and, conversely, under Rule 401 the evidence is admissible unless the court is convinced to exclude it.
As a general proposition, a child’s sexual knowledge, by itself, is not relevant in a sex crimes case, whether that knowledge is gained through past abuse, volitional behavior or exposure. Here, Molen argued that S.Z. fabricated her testimony of his alleged abuse. The evidence proffered, and which is at issue here, was not intended to directly prove that S.Z. was lying. Instead, Molen sought to present evidence to demonstrate only that S.Z. could lie. Molen argues that under the so-called sexual innocence inference theory, he is entitled to put on evidence of S.Z.’s sexual knowledge. In essence, the sexual innocence inference theory is based on the presumption that a jury will likely assume that a child is innocent of sexual matters and, when the child testifies to specific sexual acts, the jury will then infer that the child could not have testified to such acts unless they indeed occurred. See Grant v. Demskie, 75 F.Supp.2d 201 (S.D.N.Y.1999) (collecting cases); Christopher B. Reid, Note, The Sexual Innocence Inference Theory as a Basis for the Admissibility of a Child Molestation Victim’s Prior Sexual Conduct, 91 Mich. L.Rev. 827, 829-830 (1993). This theory, backed by scant, if any, empirical data is, however, accepted in some fashion by a majority, but not all courts. Id. These courts variously analyze this evidence as a way around rape shield laws or as constitutionally required despite or within the confines of rape shield laws. Id. In order to rebut the inference, a defendant, like Molen, will seek to introduce evidence of an alternative source of sexual knowledge from which the child could describe the alleged events. In the end, if one accepts the theory, at least to some extent, evidence of a child’s prior sexual knowledge may be relevant to rebut the inference.
The majority accepts this theory as an evidentiary “inference.” I do not. I would hold that the relevance of the proffered evidence should be analyzed as a part of the defense of fabrication, rather than rebutting a presumption, assumption, or inference. Labeling this theory of relevance as a presumption or inference tends to automatically open the door for rebuttal evidence.[5] As noted, this “inference” finds virtually no empirical support. Requiring analysis of the proffered evidence as rebuttal of a presumed fact or inference[6] accords it too much weight and skews the relevance and balancing analysis.
I agree with the majority that under the facts and circumstances of a particular ease, *966 “evidence of an alternate source for a child’s knowledge of sexual matters may be relevant.” If a defendant wishes to present proof of an alternative source of knowledge of the sexual conduct alleged in order to demonstrate that the child had the ability to fabricate the story, then the court can, considering all of the circumstances, determine whether the evidence is constitutionally required by conducting a relevance and balancing analysis without automatically according the proffered evidence some weight as rebuttal to a judicially accepted evidentiary inference. In any event, despite the citation to Jacques, the majority correctly holds that this is not a situation of per se relevance or automatic admissibility, but that relevance is determined on a case-by-case basis. Additionally, the evidence may only be presented “for the limited purpose of proving an alternative source for sexual knowledge.” State v. Pulizzano, 155 Wis.2d 633, 456 N.W.2d 325, 335 (1990).[7]
I agree with the majority that the determination of relevance may be age-dependent. I also agree with the majority that the proffered proof of prior sexual knowledge must be so clear and similar to the abuse alleged that the child could precisely describe the abuse alleged from the prior knowledge. I further agree that the offer of proof in this ease falls far short of that which is necessary to establish relevance under these circumstances. A proffer of generalized “exposure” to adult sexual activity does not establish that a child has an alternative source of sexual knowledge from which to describe the specific acts alleged.
C. I.R.E. 403 Balancing
Since the majority correctly concludes that Molen failed to demonstrate that the proffered evidence was relevant, it did not address the Rule 403 balancing test and concerns specific to past sexual behavior evidence. The balancing test will be of utmost importance in regard to evidence of this nature. Rape shield laws are intended to serve the broad purposes of protecting victims’ privacy and reputation, protecting victims from harassment and embarrassment, encouraging the reporting of sexual crimes, preventing putting the victim on trial, and reinforcing the trial court’s power to keep inflammatory, misleading, and/or confusing evidence from the jury, while not infringing on the defendant’s right to a fair trial, including confrontation, presentation of relevant evidence, and presentation of a defense. See Grant, 75 F.Supp.2d at 209-10. In my view, these purposes apply with equal force here, in the context of evidence of exposure to sexual activity, just as they do regarding prior sexual abuse or volitional conduct.[8]
In this case, Molen proposed to call five witnesses, including S.Z.’s grandmother, to testify that S.Z.’s mother had exposed her to a “constant, graphic, sexually charged lifestyle for her entire life, including openly having sex with multiple partners with [S.Z.] in the home, openly discussing and showing sex toys and pornography in front of [S.Z.], and openly disrobing in front of other family members in the presence of [S.Z.], etc.” Aside from apparent hearsay problems, as the majority notes, this assertion of a gener *967 alized exposure to sexual activity wholly fails to demonstrate specific prior knowledge from which to describe the abusive acts alleged in this case. The district court correctly foreclosed this requested free-for-all discussion of S.Z.’s mother’s sex life, apparently designed to impugn S.Z.’s mother and, inferentially, S.Z. The prejudicial effect, misleading of the jury, and confusion of the issues as to the proffered evidence in this case is extant.
As the majority notes, all or nearly all of the cases discussing evidence of an alternative source of sexual knowledge involve knowledge allegedly gained from prior molestation, not a more generalized exposure to sexual activity. I suppose this is so, in part, because evidence of generalized exposure does not satisfy the requirement that the prior sexual knowledge specifically includes the acts alleged. Moreover, evidence of a prior molestation likely exists independently, that is, it was reported to someone at or near the time of the occurrence. Therefore, the fact can likely be proved through someone other than the child and without the need to call a host of witnesses regarding “exposure” or engage in embarrassing cross-examination.
The majority notes that Molen did not request to cross-examine the child relative to the alleged sexual activity. However, in the case of exposure, as opposed to actual prior molestation, I fail to see how cross-examination of the child would not be inevitable. If Molen had been allowed to call five witnesses, some of whom were relatives, to discuss S.Z.’s mother’s alleged prior sexual activities, the State, aside from vigorous cross-examination, would have been forced to call other witnesses, aside from S.Z.’s mother, to rebut the testimony. These witnesses may include some of the alleged former sexual partners to deny activity in front of S.Z., as well as the “other family members.” Moreover, proof of actual exposure would, at best, demonstrate an opportunity for S.Z. to gain some knowledge, not that she did. In such situation, it is inevitable that examination and cross-examination of S.Z. would occur to test what knowledge she did in fact have prior to the allegations made in the instant matter. This also is distinguishable from the case of past sexual abuse, where it may be more readily presumed that the victim would recall and could verbalize the nature of the past abuse, which could be compared to the abuse presently alleged. Sufficient proof of a child’s ability to describe the acts alleged from prior exposure is vastly more difficult and subject to exclusion under Rule 403 than proof of a prior sexual abuse which may provide the child with the ability to describe the acts alleged.[9]
I am further concerned where this could lead in discovery. The intrusive nature of investigation relative to possible sources of “exposure” is apparent. Unchecked, investigation could include the sexual activities and sexual materials of all extended family members, babysitters, friends and others; a wholesale intrusion into very private matters. Of course, a focused investigation, based upon some real basis to believe that evidence of prior sexual knowledge would be discovered, might be appropriate. A fishing expedition would not. State v. Gabrielson, 109 Idaho 507, 510, 708 P.2d 912 (Ct.App.1985).
Lastly, evidence of an alternative source of knowledge, sufficient to enable the child to describe the alleged events other than by their actual occurrence, is still not a gateway to calling the child a liar. Evidence that the child could lie does not prove, and should not be considered proof, by itself, that the child lied.

. Idaho's rape shield statute is found at Idaho Code § 18-6Í05. Idaho Rule of Evidence 412 extends the protections and procedures of the rape shield law to other sex crimes in addition to rape. However, they are gcncrically referred to as rape shield laws.

. Indeed, the majority of courts view prior rape or sexual abuse to constitute sexual conduct or behavior, even though involuntary on the part of the child, for purposes of applying rape shield statutes. See Grant v. Demskie, 75 F.Supp.2d 201, 211-212 (S.D.N.Y.1999) (collecting cases).

. The majority refuses to address the applicability of Rule 412 stating: "Neither party has suggested that Rule 412 is applicable to Molen's proffered evidence — we are dealing only with a normal relevance analysis.” However, this Court has not generally been reluctant, when the parties have missed the analytical boat or argued for application of the wrong law, to apply the correct analysis and law. See State v. Wakefield, 145 Idaho 270, 272-73, 178 P.3d 635, 637-39 (Ct.App.2007) (parties argued application of I.C. § 19-5304, but this Court analyzed and applied I.C. § 19-2601); see also Estrada v. State, 143 Idaho 558, 561, 149 P.3d 833, 836 (2006) (Sixth Amendment critical stage analysis raised by neither party but addressed by the Court as precursor to arguments presented). Failure to address the applicability of Rule 412 leaves a void in the guidance provided to the lower courts.

.I will address the policies and purposes of the rape shield laws under the I.R.E. 403 analysis below.

. As an example, a case cited approvingly by the majority. State v. Jacques, 558 A.2d 706, 708 (Me.1989), in my view goes too far in holding that "the lack of sexual experience is automatically in the case without specific action by the prosecutor” and that the "defendant therefore must be permitted to rebut the inference.” (Emphasis added.)

. “Presumption. A legal inference or assumption that a fact exists, based on the known or proven existence of some other fact or group of facts. Most presumptions are rules of evidence calling for a certain result in a given case unless the adversely affected party overcomes it with other evidence. A presumption shifts the burden of production or persuasion to the opposing party, who can then attempt to overcome the presumption.” Blacks Law Dictionary 1223 (8th ed. 2004). Thus, recognizing the theory as a presumption or inference has legal meaning. Without any real analysis of its underpinning, the majority accepts the sexual innocence inference theory. As noted, some courts have rejected it. State v. Clarke, 343 N.W.2d 158, 163 (Iowa 1984); People v. Arenda, 416 Mich. 1, 330 N.W.2d 814, 818 (1982).

. In Pulizzano, 456 N.W.2d at 335, the court devised the following test to establish a constitutional right to present otherwise excluded evidence of a child complainant’s prior sexual conduct for the limited purpose of proving an alternative source for sexual knowledge:
[P]rior to trial the defendant must make an offer of proof showing: (1) that the prior acts clearly occurred; (2) that the acts closely resembled those of the present case; (3) that the prior act is clearly relevant to a material issue; (4) that the evidence is necessary to defendant’s case; and (5) that the probative value of the evidence outweighs its prejudicial effect.

. Regarding application of the rape shield law, the majority distinguishes the "exposure" alleged in this case from those cases involving sexual abuse. However, for purposes of relevancy the majority analyzes exposure and abuse indistinguishably:
"However, the relevance of a child's prior exposure to sexual conduct (either as a victim or as an observer) will depend upon the facts of each case.”
"Thus, to be admissible, alternative source evidence must demonstrate the child’s experience of or exposure to sexual behavior sufficiently similar to that which the child has described in her allegations against the defendant.”
In my view, the rape shield law as well as principles of relevancy should be applied equally to both.

. This is not to say that proof of prior sexual abuse is automatically relevant and admissible. Indeed, as previously discussed, evidence of that nature would be subject to I.R.E. 412. I only draw this comparison to highlight the very narrow window of relevance and admissibility which may exist for evidence of prior exposure.